■  In the Matter of the Claim of LILA G. CHURCH, on Behalf of Herself and Minor Children, Respondent, v. WORTHINGTON CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board for death benefits, the self-insured employer contending that decedent's fatal accident which occurred when his automobile collided with a railroad car at a highway crossing did not arise out of the employment but was occasioned by a deviation therefrom. Decedent, a personnel manager, pursuant to direction of the employer transported two of its officials from its plant at Wellsville to a hotel in Buffalo, arriving there about 6:40 P.M. Concededly, that trip and the homeward journey would ordinarily be in the employer's business and the only issue is as to a possible deviation. There is no evidence as to decedent's activities from 6:40 P.M.

until about 11:30 P.M. when he was seen by a lawyer at an inn, described as "highly reputable", at East Aurora. At this point decedent had travelled 18 miles from Buffalo, an eight-mile stretch of which was through city traffic, and was on the most direct route to Wellsville. Claimant conversed with the lawyer for more than an hour, consuming two splits of beer during that period, said he was tired but did not need to rest and left at about 12:45 A.M. He was not seen again until after the accident at the crossing, where he was about 70 miles from Buffalo and still on the direct route home, about 20 miles distant. The exact time of the accident is not known, as the members of the train crew were unaware of the collision, but the State Police were called at 2:05 A.M. Decedent's son, who had accompanied his father on similar business trips, said that his father customarily stopped at a good restaurant for a leisurely dinner, sometimes spending two hours or more at the table and, further, that he occasionally pulled the car off the road and slept for a half hour to an hour and sometimes longer. Appellant, relying principally on *Matter of Pasquel* v. *Coverly* (4 N Y 2d 28), contends that from the mere unexplained lapse of time we must infer that the accidental death was occasioned by decedent's deviation from the employment for personal indulgence or gratification in such degree as to require the conclusions that decedent never re-entered the employment and that the supposed personal acts prior to his departure from East Aurora caused his accidental death; and that we must thereupon reverse the board's factual determination that no deviation occurred. There is no fair counterpart here to the factual situation in *Pasquel,* which involved many personal activities extending over a large part of the night and until decedent commenced his return trip between 3:00 and 3:30 A.M. and proceeded to his death in a one-car accident two hours later. (Cf. *Matter of Lowery* v. *Riss & Co.*, 10 A D 2d 489, motion for leave to appeal denied 8 N Y 2d 707.) Further, Pasquel's movements were shown by uncontradicted proof; here it is sought to infer, if not conjecture, activities productive of risk and danger and contributory to decedent's accident and death merely from lapse of time, unexplained because of the circumstances that there is no known witness to any act of decedent while en route home, until he reached East Aurora at 11:30 P.M. The board was warranted in rejecting the inference suggested. Absent proof or reasonable inference to the contrary, it is clear that decedent remained within the time and space limits of his employment and that the presumption of compensable accident, under section 21 of the Workmen's Compensation Law, thereupon became operative and was not rebutted. (*Matter of Ackerman* v. *Dairymen's League Co-op. Assn.*, 10 A D 2d 112, motion for leave to appeal denied 8 N Y 2d 706; *Matter of Pierorazio* v. *Pettignano,* 3 A D 2d 616, motion for leave to appeal denied 2 N Y 2d 710.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.