■ In the Matter of the Claim of ANNA M. PRINCE, Appellant, v. KINNEY RENT-A-CAR et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed June 21, 1971, which disallowed a claim for death benefits under the Workmen's Compensation Law. It is abundantly clear from the record that the decedent's employment (as was his coemployee Leone's) was to a marked extent governed by his own decision and conduct. He was a supervisor of several garages in New York City owned by the employer and moved about from garage to garage as he saw fit. He had a "beeper" which kept him in communication with the various garage locations and alerted him as to trouble or problems. One of the garages under his supervision was located at the Hilton Hotel (no doubt, the New York Hilton) and on the day of his accident, he was there with his coemployee, Leone, having lunch and a number of alcoholic drinks. This was a frequent occurrence and known to his employer and on this record, not disputed. In fact, the employees of the employer who testified on its behalf affirmed such fact. Under such circumstances, inasmuch as intoxication was not an issue before the board, it need not be considered on this appeal, albeit mentioned by the board in its decision. The issue is whether decedent abandoned his employment and was, therefore, at the time of his death engaged in a personal pursuit. The board made the unusual finding that "the decedent was on his way home at the time of the accident after he had been socializing and he was not engaged in his employer's business, but in a personal pursuit. We find that the decedent did not sustain an accidental injury arising out of and in the course of his employment". From the factual statements made by the board in its decision, it is somewhat difficult to know exactly the basis of its finding except that there is considerable reference as to the number of drinks that the decedent apparently consumed and the alcoholic contents as determined by a blood test following his decease. But, the board did not use intoxication as the basis of its decision. The record establishes that at 5:00 P.M. when the decedent was last seen upon the premises of the employer's garage at the Hilton Hotel he was, in the opinion of a fellow employee, sober. There was some discussion that he was going to attend a party at the hotel, but that he went there is denied by various witnesses who testified. His actions are unaccounted for from that time until the time of the accident at approximately 10:00 P.M. on the Connecticut Turnpike when, while driving a company-owned automobile

furnished to him by his employer and on his way home to Connecticut, he was involved in an accident. The appellant relies to a marked extent upon the prior decision of *Matter of Pasquel* v. *Coverly* (4 N Y 2d 28) but which, in our opinion, is not factually controlling. Inasmuch as the decedent was at the time of the accident within the time and space of his employment, he was entitled to the presumption under section 21 of the Workmen's Compensation Law and furthermore, the factual and legal aspects of this claim fit snugly within the cocoon of our decision in *Matter of Lo Monico* v. *Coca Cola Bottling Co.* of *N. Y.* (28 A D 2d 1053). For the reasons stated, the board's decision is not supported by substantial evidence. Decision reversed, with costs to appellant against respondents filing briefs, and matter remitted to the board for further proceedings not inconsistent herewith. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Main, JJ., concur.