In the Matter of the Claim of HERBERT BENDER, Respondent, v. UNION FREE SCHOOL DISTRICT No. 1 et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed August 8, 1972, affirming an award of benefits to the claimant. Claimant, a school principal, traveled southerly on Route 9 from his home in Poughkeepsie in Dutchess County to Dobbs Ferry in southern Westchester County on March 13, 1970, to attend a conference at his employer's request. The conference ended at about 4:30 P.M. He then drove a distance of approximately 40 miles to dine in New York City, and thereafter visited a friend in a hospital in New York City. He then proceeded to return home, and at about 9:30 P.M., at a point along Route 9 in Putnam County between Dobbs Ferry and Poughkeepsie, was involved in an automobile accident resulting in his injuries. Appellants contend that in going to New York City for purely personal reasons, claimant undertook a substantial deviation from the course of employment so as to constitute an abandonment thereof, relying primarily on *Matter of Pasquel* v. *Coverly* (4 N Y 2d 28). There the business which had necessitated the trip in the first instance was concluded at 5:00 P.M. The decedent then engaged in drinking and card playing until 3:00 A.M. and he was killed on the return trip about two hours later. In reversing an award the Court of Appeals noted that the risks of the trip were substantially increased by the decedent's intervening activities and lack of sleep, and stated that the situation "was different from * * * varying the route to or from the place of business for some personal reason whereby the risk or hazard is not materially increased" (4 N Y 2d, at p. 31). Relying on these distinctions, we affirmed an award in *Matter of Lowery* v. *Riss & Co.* (10 A D 2d 489, mot. for lv. to app. den. 8 N Y 2d 707) where the employee on a business trip had gone out of his way some 52 miles for dinner and two brief social engagements, but was back on his normal route when the accident happened and the 10:00 P.M. hour of his

departure for home was not unreasonable. We held that the board was not required to find that the risks of the journey were substantially increased by the personal activities (see *Matter of Church* v. *Worthington Corp.,* 12 A D 2d 571; cf. *Matter of Mahoney* v. *Stern & Co.,* 9 A D 2d 843, revd. 9 N Y 2d 931; *Matter of Marks* v. *Gray,* 251 N. Y. 90). We are of the same view here. Claimant had not consumed alcoholic beverages, had not engaged in unusually tiring activities, "nor did he stay to such a late hour that it would be unreasonable to say it had no effect upon him" (*Matter of Lowery* v. *Riss & Co., supra,* p. 491). There is, therefore, no reason for disturbing the board's factual determination that claimant's injuries arose in and out of the course of his employment. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.