■  In the Matter of NADINE S. SOMMERVILLE, Respondent, v. WILLIAM SOMMERVILLE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decisions of the Workmen's Compensation Board, filed October 29, 1973 and May 13, 1974, which held that the decedent's widow's claim was not barred by a failure to timely file and that death resulted from a compensable accident and directed appropriate payments. The board found that the employer waived the two-year filing limitation applicable to the claimant (Workmen's Compensation Law, § 28) by making a prepayment of benefits in the form of funeral expenses. The record establishes that the deceased was the president of the corporate employer which has the same family

name as decedent. A funeral bill admitted in evidence recites that funeral expenses of $3,629.45 were paid by the employer on November 15, 1969 for the death which occurred on October 20, 1969. A notice that the right to compensation was controverted, dated October 21, 1969, was filed by the appellant insurance carrier on November 20, 1969. In January of 1970 the appellant insurance carrier filed a notice of claim for reimbursement based upon a prior disabling condition of the decedent. The record contains the testimony of a person who was vice-president of the employer on October 20, 1969, and there can be no doubt but what that witness believed that as of the time of the decedent's death he was in the furtherance of company business. Upon the foregoing facts there is absolutely no explanation for the payment of funeral expenses unless it was intended as a recognition of the employer's inherent liability in regard to the death of the decedent. The payment of funeral expenses constitutes a part of the death benefits payable under the Workmen's Compensation Law and has been held to constitute a prepayment of workmen's compensation benefits so as to waive the two-year limitation upon the filing of a claim for death benefits (*Matter of Burcia* v. *St. Joseph Lead Co.*, 283 App. Div. 1124, mot. for lv. to app. den. 307 N. Y. 943). While the record does establish that the employer had the same family name as the decedent, the record does not contain any evidence of such identity between the decedent and, more specifically, the claimant-widow and the employer so as to raise a conclusive inference that the funeral expenses were not intended as a prepayment of compensation benefits. Accordingly, the appellants' reliance upon *Matter of Bauer* v. *Bauer's Rest.* (26 A D 2d 871) is misplaced. The record contains substantial evidence to support the board's finding that there was a waiver of the two-year limitation on the filing of death benefits by the widow. The record established that the decedent's death occurred on an ordinary working day at about 1:00 P.M. when he was involved in an automobile accident while operating a vehicle furnished by the employer. The former vice-president of the employer testified that the decedent had no set hours of employment and that it was part of his duties to visit various places where the company's contracts were being performed. On the day of his death he had visited a job site at about 10:00 A.M. in the morning and it was known that he had another unidentified appointment following that visit. At the time of his death the automobile contained golf clubs as well as a piece of unopended traveling luggage and a partially consumed bottle of alcoholic beverage. The autopsy revealed that the decedent's blood had a high content of alcohol at the time of his death. The appellants in their brief state that, "The only reason why evidence with regard to alcoholic content was introduced at all is simply to show that something other than business activity such as inspecting a job site, must have been accomplished by the deceased sometime prior to 1:15 P.M. when the fatal accident occurred." While it is argued that the decedent may have indulged in a deviation from his employment, on this record, it is little more than speculation. The board found that the decedent was in the course of his employment because he was using a company car at the time of death and had been engaged in company business on that particular morning. There is substantial evidence to support the board's determination that he was in the course of his employment at the time of his death. That being so, there is a presumption that the accident arose out of employment and the claimant is entitled to compensation. Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Kane and Larkin, JJ., concur.