In the Matter of the Claim of MILDRED TAIT, Respondent, v MONSIEUR HENRI WINES et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed August 6, 1974, which awarded death benefits to claimant.

Claimant's deceased husband, an outside liquor salesman, was fatally injured as the result of an unwitnessed automobile accident between a coworker's residence and his own home some time around 2:00 A.M. Decedent had been working with the coemployee during the preceding day and, according to him, had eaten dinner at his home and left around 9:15 P.M. after expressing his intent to make additional unidentified business calls on the homeward journey. Although decedent's activities thereafter are unknown, claimant also testified that her husband had called from the coworker's residence and stated that he was going to "work his way home." Appellant's argument that decedent was engaged in a personal deviation from employment at the time of the accident is not supported by proof and is based merely upon inferences which are balanced, if not outweighed, by contrary inferences tending to confirm his continuation in the business of the employer. In any event, the issue is a factual one and the record contains substantial evidence supporting the board's determination. Accordingly, it properly rejected appellant's contentions when they did not suffice to rebut the applicable statutory presumptions (cf. *Matter of Sommerville v Sommerville*, 47 AD2d 684; *Matter of Bender v Union Free School Dist. No. 1*, 43 AD2d 781; *Matter of Church v Worthington Corp.*, 12 AD2d 571). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.