In the Matter of the Claim of JAMES McDONAGH, Respondent, v TROYMAN CHARTERING INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 30, 1975

*John Kearney* for appellants.

*Jacowitz & Silverman* for James McDonagh, respondent.

*Louis J. Lefkowitz, Attorney-General (Harry Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, P. J. This is an appeal from a decision of the Workmen's Compensation Board, filed October 24, 1974 and amended on April 24, 1975, which reversed a referee's decision disallowing the claim and found that the claimant sustained an industrial accident arising out of and in the course of his employment.

The claimant was employed as a ship broker by the employer engaged in the business of ship and cargo chartering with offices in New York City. The claimant's duties generally required him to conduct negotiations with representatives of the owners of transportation facilities and representatives of cargo owners so as to facilitate and expedite the economical and timely shipment of merchandise. The nature of the business required world-wide contacts by the claimant and these were handled almost exclusively by telephone. It is undisputed that although the claimant worked in the employer's offices on a regular daily basis from 9:30 A.M. to 6:30 P.M., the duties of the employment required that the claimant continue negotiations and be available for offers and counteroffers by various parties by telephone on very nearly a 24-hour basis.

On March 1, 1973 the claimant was involved in a particular shipment negotiation which required further negotiation between the representative of cargo owners and Russian shipowners represented by an agent in Montreal as of the time he left his office at 6:30 P.M. The record established that it was his duty in furtherance of employment to continue to seek to make contact with the New York representative so as to secure a counteroffer which he would in turn communicate to the Montreal agent so that such agent could attempt to see if the agreement was acceptable to the Russians and that it was imperative that the function of the claimant be completed by

2:00 A.M. of March 2, 1973. The arrangement with the Montreal agent as of the time he had left the office was that the claimant would keep attempting to get in touch with the New York representative and would telephone the Montreal agent at about 11:00 P.M.

When the claimant left his office, he met his fiancee and another person and took them to dinner at a restaurant. In the course of the evening and while he was with his fiancee, it is undisputed that he made about a dozen telephone calls attempting to reach the local broker but was unsuccessful. Furthermore, it is undisputed that at 11:00 P.M. he did call the Montreal agent and advised him that he had been unable to reach the New York representative but that he would continue trying and would call the Montreal agent back from his home. He left the restaurant at about 12:30 A.M. and, as he was driving his personal vehicle home, he came into collision with another automobile which caused the injuries for which this claim was made.

The issue for the board was whether or not the claimant was in the course of his employment as he drove his vehicle from the restaurant to his home and whether or not the accident arose out of the employment. The board answered affirmatively and upon this appeal the question is whether or not its decision is supported by substantial evidence.

The rule is well established that as a general proposition an employee who has a fixed place of business is not covered by workmen's compensation as to accidents which he might suffer while traveling to and from work. In this particular case, the record clearly establishes that the claimant was on duty not only while attending at the office but also throughout most, if not all, of the remaining hours of each day. In particular, the present case establishes that the claimant was in fact on duty and continuing to act on behalf of the employer as of the time of the accident. While the testimony of the employer and the claimant would indicate that the continuing situs of the employment would be at any place where a telephone was available, the same testimony clearly indicates that the claimant's home was an additional place of employment since that telephone number would ordinarily be given by the claimant as a place where he could be reached by the various persons with whom he was conducting negotiations. While the present case does not involve a situation where the transportation utilized by the claimant was furnished by the

employer, the fact that he was within the time and space of his employment invokes the presumption under section 21 of the Workmen's Compensation Law that the injuries are compensable (Workmen's Compensation Law, § 21; *Matter of Prince v Kinney Rent-A-Car,* 41 AD2d 786, 787, affd 33 NY2d 638; *Matter of Lo Monico v Coca Cola Bottling Co. of N. Y.,* 28 AD2d 1053).

The proof established that the claimant had spent his duty hours from 6:30 until about 12:30 in the mixed and dual purposes of business and personal pursuits, but there is nothing in this record which would indicate that the personal activities were such as to constitute a substantial deviation from the employment or that the personal activities in any way could be found to have been a major precipitating factor in the accident, and, accordingly, the situation is not controlled by *Matter of Pasquel v Coverly* (4 NY2d 28).

Considering the unique type of employment, the testimony of the president of the employer and the record in its entirety, it cannot be said that the board's decision is erroneous as a matter of law or that the record does not contain substantial evidence to support the finding of the board.

The decision should be affirmed, with costs to the Workmen's Compensation Board.

Sweeney, Koreman, Main and Reynolds, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.