■　In the Matter of the Claim of TRACY L. DASHNOW, Respondent, v STATE AMERICAN SALES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed October 24, 1974 and August 6, 1975, which awarded death benefits to claimant. Claimant's deceased husband, an automobile salesman, was fatally injured as a result of an automobile accident with another vehicle that occurred while he was driving home at about 10:55 P.M. on April 24, 1971. The board concluded that the accident and death arose out of and in the course of employment, and that accidental death did not result solely from intoxication. On this appeal the employer contends that these findings are not supported by the record. The board determined that the employer admitted in the form C-2 report that at the time of the accident the deceased was employed as a salesman for the employer, and that the accident occurred when the employer's car he was driving skidded on a wet pavement, going into the opposite lane, where it was struck by another car. There is testimony to the effect that as a new and used car salesman the deceased worked varied hours, and would be called upon to work and deliver cars to customers after the employer's regular business hours. Claimant testified that she expected the deceased home for dinner on the evening of the accident, and that he called her to say he did not know whether he would be home on time, that he was working. While not directly established, there is some evidence that he was going to demonstrate a car to a potential customer, and it is established that decedent was driving a demonstrator's car when he was killed. Thus, inasmuch as the decedent was at the time of the accident within the time and space of his employment, he was entitled to the presumptions under section 21 of the Workmen's Compensation Law *(Matter of Prince v Kinney Rent-A-Car*, 41 AD2d 786, affd 33 NY2d 976). While intoxication may have been a factor in this accident, the facts that the vehicle was traveling at an excessive rate of speed and that it skidded on a wet pavement causing it to veer into the opposite lane do not establish that intoxication was the sole cause of the accident *(Matter of Bouvia v Atlantic Testing Lab.*, 50 AD2d 680). Since the issues of whether the accidental death arose out of and in the course of employment, and whether

718

it was due solely to the intoxication of the deceased are factual, they are for the board's determination. The decision is supported by substantial evidence. Accordingly, appellants' contentions were properly rejected since they did not suffice to rebut the applicable statutory presumptions (Workmen's Compensation Law, § 21; *Matter of Tait v Monsieur Henri Wines,* 50 AD2d 639; *Matter of Prince v Kinney Rent-A-Car, supra).* Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.