In the Matter of the Claim of GOTTFRIED BUXBAUM, Respondent, *v.* CUMBERLAND PROVISION COMPANY et al., Appellants, and NEW AMSTERDAM CASUALTY COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 22, 1961.

*Charles G. Tierney, Morris N. Lissauer* and *George A. Hayes* for appellants.

*Bernhard W. Baruch* for claimant-respondent.

*Bernard F. Farley* for New Amsterdam Casualty Company, respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

GIBSON, J. The appeal is from a decision of the Workmen's Compensation Board that claim for disability due to a myocardial infarction occurring on November 14, 1951 and attributed to emotional strain induced by claimant's observation of an accident to another employee on November 7, 1951, was timely filed, although formal written claim was not made until February 23, 1954, more than two years after the alleged accident (Workmen's Compensation Law, § 28); the board holding " that claimant's testimony on May 19, 1953 constituted a timely filing of a claim " and " further, that payment of wages by the corporate employer with knowledge of the accident was an advance payment of compensation." The parties limit the issues to these two findings. Claimant had sustained a prior compensable accident on June 3, 1948, when he suffered a coronary occlusion, at which time respondent New Amsterdam Casualty Company was the carrier. At the times of the 1951 incidents appellant State Insurance Fund was upon the risk. We note, as bearing upon the factual background, that by claim

dated September 10, 1953, respondent carrier on the basis of the alleged second accident in 1951 sought reimbursement after 104 weeks under paragraph (f) of subdivision 8 of section 15 of the Workmen's Compensation Law, stating here that such claim was filed on behalf of the corporate employer, claimant's full wages during his various periods of disability having been paid by such corporation, of which claimant is a stockholder and the president; and, further, that by claim dated July 15, 1958, the employer requested reimbursement in accordance with section 25 of the Workmen's Compensation Law of $1,200 wages paid for the period from November 16, 1951 to February 8, 1952.

Upon examination of the first ground of the decision, it is clear that the reception of testimony as to one accident upon the hearing of a claim predicated upon another scarcely meets the requirement that '' a claim for compensation shall be filed with the chairman '' (Workmen's Compensation Law, § 28) and respondents do not argue in support of the board's finding to the contrary. In an early case the Industrial Commissioner held, as appears from the record on appeal, that the parties' appearance at a hearing within the then statutory one-year period '' constitutes    *    *    *    a proper claim for compensation '' but this court reversed the award and dismissed the claim '' because of the failure to file the claim for compensation within one year after the accident.'' (*Chefety* v. *Hearn & Son*, 212 App. Div. 844; see, also, *Matter of Simon* v. *American Express Co.*, 217 App. Div. 802, affd. 244 N. Y. 560, and record on appeal.) In the case before us, the appellant carrier was not present at the hearing in question or otherwise on notice; but in view of the conclusion which we have stated we do not reach the problem — whether it be for the Legislature or for the courts — posed when the provision whereby the carrier is charged with the employer's knowledge or notice (Workmen's Compensation Law, § 54, subd. 2; *Matter of Lambright* v. *St. Luke's Hosp.*, 3 A D 2d 613, affd. 3 N Y 2d 832) is sought to be applied to a situation in which there exists the dual interest of a claimant who is also, in effect, the employer and when, for reasons of reimbursement or otherwise, the interests of employee and employer lie in the same direction and are at the same time adverse to the carrier's interest.

Also untenable, in our view, is the board's finding of an advance payment of compensation. '' To constitute the payment of compensation there is a minimal necessity that the employer shall have some knowledge of the effect of what he is doing and an award must have basis in substantial evidence of such knowledge. There must be    *    *    *    a recognition of

liability in the act waiving the time limitation of the statute." (*Matter of Lombardo* v. *Endicott Johnson Corp.*, 275 App. Div. 18, 22.) The only evidence bearing on the circumstances of the payment of claimant's salary during his absences by reason of disability was claimant's testimony that he was the president of the corporate employer, that he drew his regular wages when he was out for any reason and that his understanding with the company was that he would draw his wages whether he worked or not. Payments pursuant to similar practices have been held insufficient, standing alone, to constitute advance payments of compensation. (*Matter of Propper* v. *Orkins Fashions Stores*, 7 A D 2d 689; *Matter of Hanavan* v. *University of Buffalo*, 6 A D 2d 730; *Matter of Urbaniak* v. *Bell Aircraft Corp.*, 279 App. Div. 813.) Further, and in any event, we find fatal the absence of substantial evidence of any knowledge on the part of the employer of disability attributable to the 1951 episode. It would seem unlikely in any case that an employer without technical advice or information would assume an industrial accident in a heart attack following a period of excitement some days before, but in this case the affirmative evidence is that claimant and his attending physician until long after the period in question regarded the disability during such period for which wages continued to be paid as resulting from the 1948 accident. Thus there did not exist even the "minimal necessity" of "some knowledge" or awareness. (*Matter of Lombardo* v. *Endicott Johnson Corp.*, 275 App. Div. 18, *supra*; *Matter of Drab* v. *Consolidated Edison Co. of N. Y.*, 11 A D 2d 861.) In somewhat different context, but nevertheless pertinent here, is this court's observation to the effect that the board cannot properly credit a layman employer "with prescience which the medical experts did not possess." (*Matter of Vance* v. *Ormsby*, 6 A D 2d 960.)

The decision should be reversed and the matter remitted to the Workmen's Compensation Board, with costs to appellant carrier against respondent carrier.

Coon, J. P., Herlihy, Reynolds and Taylor, JJ., concur.

Decision reversed and the matter remitted to the Workmen's Compensation Board, with costs to appellant carrier against respondent carrier.