■ In the Matter of the Claim of WILLIAM GOETZMANN, Appellant, v BUFFALO GUN CENTER, INC., et al., Respondents, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed May 14, 1974 as amended by a supplemental decision filed March 7, 1975, which held that the claimant's claim was barred by not being timely filed pursuant to section 28 of the Workmen's Compensation Law. Section 28 of the Workmen's Compensation Law requires that a claim must be filed within two years after an accident. The record conclusively establishes that no claim was filed within the two-year period following the accident of July 2, 1968 when the claimant sustained lacerations from the breaking of a glass window. The claimant sought benefits upon the ground that the 1968 accident caused him to become mentally incompetent. The record contained conflicting medical evidence as to competency and the board has found that the claimant was sufficiently competent during the two-year period to have filed a claim. That finding is supported by substantial evidence and, accordingly, the claimant's claim that the two-year period was tolled because of incompetency pursuant to section 115 of the Workmen's Compensation Law is without merit (see *Matter of Bellinger v Perini Corp.,* 28 AD2d 1044). The record establishes that the claimant received varying sums of money as salary by directing his bookkeeper to issue checks from time to time. The claimant was the sole owner of the corporate employer and the testimony of the bookkeeper is to the effect that "salary" was only taken by the claimant when the corporation could afford it. She also testified that the claimant had told her to pay him as "sick" pay. It is apparent that on and after the accident of 1968 the employer paid the claimant sums of money as salary or sick pay during periods when he was not actively performing any work for the corporation. The claimant contended that this fact required a finding of advance payment of compensation which excused the filing of a claim pursuant to section 28 of the Workmen's Compensation Law. The board made no direct findings as to whether or not the payments to claimant were

salary but rejected the excuse of claimant by finding "the payments were not contemplated as advance payment of compensation". This finding of the board is supported by the testimony of the bookkeeper to the effect that the payments were not on a regular basis and were made only when the corporation could afford a payment. Since there is substantial evidence supporting the findings of the board, the claimant's excuse cannot be established upon this appeal (see *Matter of Buxbaum v Cumberland Provision Co.,* 14 AD2d 425, app dsmd 12 NY2d 670; cf. *Matter of Sommerville v Sommerville,* 47 AD2d 684). Decision affirmed, without costs. Koreman, P. J., Greenblott, Mahoney, Main and Herlihy, JJ., concur.