■ In the Matter of the Claim of EUGENE PELLAC, Respondent, v ATLANTIC BEACH CLUB, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed March 7, 1973. The board found: "Upon review of the evidence in the record, the Board Panel finds that the employer was not prejudiced by claimant's failure to give written statutory notice as the employer had knowledge of the incident, that the claimant received proper medical treatment, and that his failure to give proper notice is therefore excused. The Panel further finds that payments made to the claimant by the employer were with the knowledge that claimant's injury arose in the course of employment and that they therefore constitute advance payment sufficient to waive the claim filing requirement under Section 28 of the Workmen's Compensation Law." The issues were factual and there is substantial evidence to sustain the finding of the board. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Sweeney, Mikoll and Herlihy, JJ., concur.

Mahoney, P. J., and Larkin, J., dissent and vote to reverse in the following memorandum by Larkin, J. Larkin, J. We respectfully dissent. The question presented by this appeal is whether this claim is barred by section 18 and/or section 28 of the Workers' Compensation Law. In 1963, while installing windows in a cabana on the premises of the employer with the assistance of his foreman, the claimant experienced sharp pains across his chest. After resting, claimant left for home where he remained for several days. He then consulted a physician who admitted him to a hospital. He was driven there by the foreman who had been working with him at the time of the incident. Claimant remained hospitalized for about three weeks and did not return to work until more than three months after the incident. During the time he was out of work the claimant continued to receive his full pay and was visited in the hospital by his foreman and the manager of the employer's company. It was not until some seven years later that the claimant,

apparently at the direction of a referee in an unrelated compensation matter, filed a claim for compensation. After hearings the claim was disallowed by the referee on the ground it was barred by sections 18 and 28 of the Workers' Compensation Law. The board, in reversing the referee, found that the employer was not prejudiced by the claimant's failure to give written statutory notice because the employer had knowledge of the incident and because the claimant has received prompt and proper medical treatment. The board, therefore, excused claimant's failure to give the proper notice. This record provides substantial evidence to support the board's determination that the employer was not prejudiced by claimant's failure to give the written statutory notice pursuant to section 18 of the Workers' Compensation Law. Section 28 of the Workers' Compensation Law provides, in substance, that the right to compensation is barred unless the claim shall be filed within two years after the accident. Although this claim was not filed until more than seven years after the accident and thus would be time barred under section 28, the board found that "payments made to the claimant by the employer were with the knowledge that claimant's injury arose in the course of employment and that they therefore constitute advance payment sufficient to waive the claim filing requirement under Section 28 of the Workmen's Compensation Law". To support such a finding, not only must there be a payment of wages to the employee, also the circumstances of the payment must have been such to imply an acknowledgment or recognition of liability (*Matter of Schmitt v Alpha Delta Phi Fraternity House,* 33 AD2d 1082). To consider payment of wages as advance payment of compensation there is a minimal necessity that the employer shall have some knowledge of the effect of what he is doing, and an award must have basis in substantial evidence of such knowledge. There must be a recognition of liability in the act waiving the time limitation (*Matter of Buxbaum v Cumberland Provision Co.,* 14 AD2d 425, app dsmd 12 NY2d 670). We find no substantial evidence to support the board's determination. The undisputed testimony was that it was the policy of the employer that if a man was out sick, whether the disability was compensable or not, he would receive his full wages. There was no compensation report filed either by the claimant or by the employer. The record indicates that other employees hospitalized with noncompensable injuries or sicknesses were paid their full salaries. The record amply supports the view that employees continued to receive their pay when they were out sick or disabled, whatever the cause might have been. This court has heretofore established that payments by an employer which result solely from a finding of disability, regardless of the cause, are not advance payments of compensation (*Matter of Krystofik v General Elec. Co.,* 54 AD2d 137; *Matter of Rivard v New York State Police,* 46 AD2d 34). The decision should be reversed.