■ In the Matter of the Claim of ALFRED THOUSAND, Respondent, v HUMAN RESOURCES ADMINISTRATION, COMMUNITY DEVELOPMENT AGENCY, et al., Appellants, and CITY OF NEW YORK LAW DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [675 NYS2d 402] —Mikoll, J. P. Appeal from an amended decision of the Workers' Compensation Board, filed September 14, 1992, which, *inter alia*, held that claimant's decedent sustained an accidental injury in the course of her employment.

The sole issue on this appeal is whether substantial evidence supports the determination of the Workers' Compensation Board excusing claimant's delay in filing a claim on the ground that the employer was not prejudiced thereby.

Claimant's wife, Marion Holmes-Thousand (hereinafter decedent), was employed as director of the Neighborhood Action Board #2 (hereinafter Neighborhood), a human services agency funded by the City of New York's Community Development Agency (hereinafter CDA) through its Human Resources Administration (hereinafter HRA). Although Neighborhood was not an agency of the City, CDA did provide, *inter alia*, workers' compensation insurance coverage to its employees through Zurich Insurance Company. On December 17, 1984, while at work at Neighborhood's storefront office in Brooklyn, decedent suffered a fatal heart attack moments after an altercation with an abusive, physically aggressive client.

On December 17, 1986, claimant filed a death benefits claim against Neighborhood, HRA and a program called "Youth in Action". Following a hearing held on various dates from June 1990 through August 1991, the Workers' Compensation Law Judge found, *inter alia*, that the death of dececent was a compensable work-related accident, that Zurich was the proper carrier for the death benefits claim, and that claimant's failure to give Neighborhood notice of the death within 30 days, as required by Workers' Compensation Law § 18, was excused. The Board affirmed, finding, *inter alia*, that Zurich "was not prejudiced as it was able, despite the delayed notice, to properly investigate and litigate all aspects of the claim without impediment". On this appeal, Zurich challenges only this finding.

Workers' Compensation Law § 18 requires that notice of injury or death be given to an employer within 30 days after

the event. Failure to give such notice may be excused by the Board upon a finding that the delay resulted in no prejudice to the employer, e.g., where the employer had actual independent knowledge of the event or where the delay neither aggravated the injury nor prevented the employer from properly investigating the claim (*see, Matter of Pierce v New York Tel. Co.*, 99 AD2d 898; *Matter of Parmenter v New York Tel. Co.*, 98 AD2d 891; *Matter of Cortese v Rochester Prods. Div.*, 91 AD2d 802; *Matter of Pellac v Atlantic Beach Club*, 66 AD2d 909, *affd* 48 NY2d 912; *Matter of Tolub v Metzger & Sons*, 65 AD2d 839).

Substantial evidence supports the findings upon which claimant's late notice was excused. The employer had actual knowledge of the death and was not prevented from properly investigating the claim. While no other employees of Neighborhood were present during the incident, there were witnesses to whom Neighborhood and CDA had access. For example, a CDA employee, John Nolan, testified that he learned of the death within one or two days of its occurrence and that it had by then become common knowledge. Two individuals, Ann Watkins and Peter Narvine, were present in the office seeking services and witnessed the altercation and decedent's collapse, but left the premises after emergency personnel were summoned. Both, however, testified that they returned to the office two days later to inquire as to decedent's condition and were told of her death. Others present at the time of the incident included employees of the WIC program, whose offices were in the same building as Neighborhood's, a fact known to Zurich by virtue of information contained in the CDA application form. Moreover, the police report listed claimant as a witness. Under these circumstances, we see no basis for Zurich's assertion that it was unable to conduct an adequate investigation into the claim; its failure to do so does not support its claim of prejudice (*see, Matter of Keegan v Kraft, Inc.*, 195 AD2d 775; *Matter of Slomiak v Ceder Grove Cemetery*, 77 AD2d 689).

Zurich's claim of prejudice based upon its inability to timely file a claim under Workers' Compensation Law § 15 (8) (e) (based upon decedent's preexisting medical condition) is also unavailing. Given its actual notice of the death prior to the filing of the claim for death benefits, Zurich had adequate opportunity to file a claim for reimbursement within the two-year limitation period then prevailing (*see, Matter of Brannigan v Town of Oyster Bay*, 141 AD2d 942, 943).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the amended decision is affirmed, without costs.