Cardona, P. J., Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.

In the Matter of the Claim of HENRY RAY, Appellant, v WALDBAUMS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [714 NYS2d 549] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed March 3, 1998, which ruled that claimant's workers' compensation claim was untimely filed.

In September 1995, claimant allegedly sustained certain injuries while cleaning the bottle room at the grocery store where he worked. Although claimant allegedly gave oral notice to his supervisor and a store manager shortly after the incident, no claim for workers' compensation benefits was filed until April 1996. Following a hearing, a Workers' Compensation Law Judge established accident, notice and causal relationship and issued an award. The Workers' Compensation Board subsequently reversed that decision and disallowed the claim, finding that claimant had failed to give proper notice under Workers' Compensation Law § 18. Claimant's subsequent application for full Board review or reconsideration was denied, prompting this appeal.

Pursuant to Workers' Compensation Law § 18, written notice of an injury or death for which compensation is payable must be given within 30 days thereof. Failure to give the required notice may be excused by the Board based upon a finding that such notice could not, for some sufficient reason, be given, or that the employer or an agent thereof had actual knowledge of the accident or death or, finally, that the employer was not prejudiced by the delay (*see,* Workers' Compensation Law § 18; *Matter of Thousand v Human Resources Admin., Community Dev. Agency,* 252 AD2d 664, 664-665, *lv denied* 92 NY2d 816).

Claimant, who concededly did not give written notice of his alleged injuries within 30 days of the September 1995 incident, primarily contends on appeal that the Board erred in failing to consider whether he had a legally acceptable excuse for failing to comply with the mandates of Workers' Compensation Law § 18. We cannot agree. Although perhaps inartfully stated, a review of the Board's decision reveals that the Board indeed rejected claimant's assertion that the employer had actual knowledge of the September 1995 incident. On this point, the

Board expressly credited the testimony of the employer's representatives, both of whom denied that claimant gave oral notice of his alleged injuries within days of the underlying incident. As to the remaining excuses available under the statute, claimant never contended that he was unable to provide written notice and did not raise his "lack of employer prejudice" claim until his application for full Board review. Simply stated, the Board cannot be criticized for failing to address legal arguments that claimant bore the burden of raising and proving (compare, Matter of Newmark v H. M. Stevens, Inc., 53 AD2d 762, 762-763). Claimant's remaining contentions, to the extent that they are properly before this Court, have been examined and found to be lacking in merit.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.