■ In the Matter of the Claim of MARILYN DEMPSTER, Respondent, v UNITED PARCEL SERVICE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [721 NYS2d 120] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed June 16, 1999, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

On April 14, 1997, while employed as a counter clerk by a parcel shipping service, claimant alleges that she was struck by a falling package and sustained injuries to her neck and right shoulder. She thereafter sought medical treatment but did not notify her employer of the injury until July 2, 1997. Claimant's claim for workers' compensation benefits was controverted by her employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) on the basis that claimant did not sustain a compensable work-related injury and failed to inform the employer of the injury within the 30-day notification period provided by Workers'

Compensation Law § 18. The Workers' Compensation Board disagreed with the employer resulting in this appeal.

Contrary to the employer's claim, the record contains substantial evidence to support the Board's decision that claimant's injury was caused by a work-related accident. Claimant testified that she was attempting to retrieve a package located on a top shelf and, as she maneuvered the package to the edge of the shelf, it fell and struck her in the neck and shoulder. She indicated that, in order to prevent the package from hitting the ground, she moved sideways and positioned her body against it, further aggravating her injuries. We further note that the employer's consultant indicated that the thoracic nerve injury sustained by claimant was consistent with her version of the accident and causally related thereto. Although the employer relied upon evidence suggesting that claimant's injury may not have occurred at work, any conflict in the evidence presented credibility issues for the Board to resolve (*see, Matter of Lewis v New York State Dept. of Mental Retardation & Dev. Disabilities*, 257 AD2d 813, 814; *Matter of Musso v Earth Movers*, 240 AD2d 846, 847-848).

We reach a different conclusion, however, with regard to the Board's decision that the claim was not barred by Workers' Compensation Law § 18. That statute requires that notice of an injury be given to the employer within 30 days of the event; however, it also provides that late filing may be excused "on the ground that the employer has not been prejudiced thereby" (Workers' Compensation Law § 18; *see, Matter of Thousand v Human Resources Admin.*, 252 AD2d 664, *lv denied* 92 NY2d 816). The burden is upon the claimant to show that the delay in notification did not prejudice the employer, particularly where the accident is unwitnessed (*see, Matter of Zraunig v New York Tel. Co.*, 32 AD2d 686). Furthermore, in the event the Board determines that the employer was not prejudiced by the delay, it is incumbent upon the Board to explain the basis for such conclusion (*see, Matter of Ross v New York Tel. Co.*, 59 AD2d 815, 816; *Matter of Zraunig v New York Tel. Co., supra*, at 686). In the case at bar, the Board did not adequately set forth its reasons for finding that the employer was not prejudiced by the delay and, given the importance of this showing, we must remit the matter to the Board for further proceedings on the question of prejudice (*see, Matter of Ross v New York Tel. Co., supra*, at 816).

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.