■ In the Matter of the Claim of REX O. DEPEW, Appellant, v LANCET ARCH, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [738 NYS2d 902] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed October 18, 2000, which, inter alia, ruled that claimant did not sustain an accidental injury in the course of his employment and denied his claim for workers' compensation benefits.

Claimant alleges that he was injured during the course of his employment on September 22, 1998; it is, however,

---

uncontroverted that he continued working until November 3, 1998 and did not seek medical treatment until November 13, 1998. Claimant further contends that he immediately informed his supervisor, Ray Warren, of his injury at the time it allegedly occurred in September 1998, but Warren denied being so advised, and it is clear from the record that timely notice was not given as required by Workers' Compensation Law § 18.

Claimant subsequently sought workers' compensation benefits and, after a hearing, a Workers' Compensation Law Judge found that the claim of accident was not credible and the employer was prejudiced by claimant's noncompliance with Workers' Compensation Law § 18, and the case was closed. The Workers' Compensation Board affirmed that decision and claimant appeals.

We affirm. We repeatedly have held that the Board's decision, if supported by substantial evidence, will not be disturbed even if, as here, other evidence in the record would support a different result (*see, e.g., Matter of Marshall v Elf Atochem N. Am.*, 285 AD2d 933, 934). Here, the Board quite properly exercised its authority to resolve conflicting factual issues based upon credibility determinations, and it is the sole and final arbiter in that regard (*see, Matter of Altman v Hazan Import Corp.*, 198 AD2d 674, 675). Finally, regarding claimant's assertion that he was denied the effective assistance of counsel, suffice to note that the right to the effective assistance of counsel does not extend to administrative proceedings, except in narrowly defined circumstances not involved here (*see, e.g., Matter of Abraham v Board of Regents of State of N.Y.*, 216 AD2d 812, 812-813).

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.