■ In the Matter of the Claim of MARY ROWE, Appellant, v OSWEGO HOSPITAL, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [749 NYS2d 341] —Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed June 11, 2001, which ruled that claimant's workers' compensation claim was untimely filed.

Claimant, a registered nurse, claimed that she injured her lower back in December 1998 while helping another nurse lift a patient out of bed. She continued to work thereafter until March 1999 when she again began to experience lower back pain. She sought medical treatment at that time and was out of work from March 23, 1999 through January 18, 2000. She filed a claim for workers' compensation benefits in June 1999. In July 1999, the employer filed a notice controverting claimant's right to compensation on the question of, inter alia, notice. Following a hearing, a Workers' Compensation Law Judge denied the claim on the ground that claimant did not comply with the notice provisions of Workers' Compensation Law § 18. The Workers' Compensation Board affirmed, finding that the employer was prejudiced by the lack of notice.

Initially, we reject claimant's contention that the employer waived its right to raise lack of notice under Workers' Compensation Law § 18 since this issue was clearly addressed in the employer's notice controverting claimant's right to compensation served prior to the hearing. Turning to the merits, Workers' Compensation Law § 18 requires a claimant seeking workers' compensation benefits to provide his or her employer with written notice of an injury within 30 days after the accident causing the injury (*see Matter of Ray v Waldbaums*, 276 AD2d 838, 838). "Failure to give the required no-

tice may be excused by the Board based upon a finding that such notice could not, for some sufficient reason, be given, or that the employer or an agent thereof had actual knowledge of the accident * * * or, finally, that the employer was not prejudiced by the delay" (*id.* at 838 [citations omitted]; *see Matter of Thousand v Human Resources Admin., Community Dev. Agency*, 252 AD2d 664, 664-665, *lv denied* 92 NY2d 816; *see also* Workers' Compensation Law § 18).

In the instant case, conflicting evidence was presented on the issue of notice. Claimant testified that when she initially injured her back in December 1998, she notified the charge nurse and filled out an incident report. She acknowledged, however, that she had previously reported similar incidents to the nurse manager, whom the employer's clinical manager testified was the proper individual to complete such reports. She further stated that although she found a copy of the incident report in April 1999, she disposed of it while cleaning out papers. In addition, claimant related that she continued to work after December 1998 and did not seek medical attention until March 1999. While one of claimant's coworkers testified that claimant complained of having sustained a back injury at work, she could not remember the date of the complaint. Another coworker, who claimant identified as the charge nurse, indicated the she did not remember claimant reporting an injury in December 1998 or completing an incident report. Finally, the clinical manager stated that no incident report was prepared in December 1998 with respect to claimant's alleged injury and he was first advised of it shortly after she stopped working in March 1999. Although there is evidence in the record which would support a contrary result, we conclude that the Board's finding that the employer did not have timely notice of the claim and was prejudiced thereby is supported by substantial evidence (*see Matter of Depew v Lancet Arch*, 292 AD2d 666, 667).

Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.