■ In the Matter of the Claim of JAMES OBERSON, Appellant, v BUREAU OF FERRY AVIATION & TRANSPORTATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [756 NYS2d 333] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed September 12, 2001, which ruled that claimant failed to provide the employer with adequate notice of his injury.

Following a physical altercation with his supervisor on January 21, 1993, claimant was terminated from his employment as a marine oiler. Claimant seeks to establish a claim for workers' compensation benefits, arguing that a compensable psychological injury arose from that altercation. A Workers' Compensation Law Judge disallowed the claim on the ground that claimant did not timely notify the employer of his injury. The Workers' Compensation Board affirmed, and we now affirm as well.

Workers' Compensation Law § 18 requires that a claimant seeking workers' compensation benefits give the employer written notice of an injury within 30 days after the accident causing the injury (see Matter of Ray v Waldbaums, 276 AD2d 838, 838 [2000]). "Failure to give the required notice may be excused by the Board based upon a finding that such notice could not, for some sufficient reason, be given, or that the employer * * * had actual knowledge of the accident * * * or, finally, that the employer was not prejudiced by the delay" (id. at 838 [citations omitted]; see Workers' Compensation Law § 18; see also Matter of Dempster v United Parcel Serv., 280 AD2d 722, 723 [2001]). Failure to file timely notice may also be excused where the employee notified the employer as soon as the severity of the injury became apparent (see Matter of Blain v Emsig Mfg. Corp., 249 AD2d 602, 603 [1998]).

Here, while the employer had actual knowledge of the incident and, indeed, terminated claimant on that basis, there is no indication that the employer had actual knowledge that claimant suffered a psychological injury as a result of his altercation with his supervisor. In addition, while the severity of claimant's psychological problems was manifest by 1994, he informed the employer at that time that his injuries resulted from his employment termination.* Contrary to claimant's argument, his notice of a claim based on psychological injuries

---

* It is significant that "[t]he terms 'injury' and 'personal injury' shall not include an injury which is solely mental and is based on workrelated stress if

arising from the termination did not provide the employer with notice of his injuries arising from the altercation itself (*cf. Matter of Kaplan v Kaplan Knitting Mills*, 248 NY 10, 16 [1928]; *Matter of Boone v Rigaud*, 176 AD2d 378, 379 [1991]). It was not until 1999, approximately six years after the altercation, that claimant informed the employer that his psychological injuries were exacerbated by the incident with his supervisor, in addition to the termination. Inasmuch as claimant failed to provide a sufficient reason for the delay or to demonstrate that the employer was not prejudiced by the delay, the Board's determination that the employer did not have timely notice of the claim and was prejudiced thereby is supported by substantial evidence (*see Matter of Rowe v Oswego Hosp.*, 299 AD2d 684, 685 [2002]). We have considered claimant's remaining contentions and conclude that they are unsupported by the record or otherwise lacking in merit.

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.

---

such mental injury is a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer" (Workers' Compensation Law § 2 [7]).