■ In the Matter of the Claim of CHARLES HOGENCAMP, Appellant, v AMSCAM et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [767 NYS2d 674]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed July 12, 2002, which ruled that claimant failed to provide his employer with adequate notice of his injury.

Claimant was working as a stock person on February 11, 2000 when he allegedly injured his back while pulling a skid weighing between 500 and 700 pounds. He went to the hospital the following day and was referred to physician Michael Kamalian, who examined him on February 14, 2000. Claimant was out of work until February 17, 2000. On March 27, 2001, he filed a claim for workers' compensation benefits, which was controverted by the employer. Following various hearings, a Workers' Compensation Law Judge found that claimant failed to provide the employer with timely notice of the claim and, therefore, disallowed it. The Workers' Compensation Board affirmed this decision.

Workers' Compensation Law § 18 requires a claimant to provide the employer with notice of a work-related injury within 30 days after the accident causing the injury. " 'Failure to give the required notice may be excused by the Board based upon a

finding that such notice could not, for some sufficient reason, be given, or that the employer . . . had actual knowledge of the accident . . . or, finally, that the employer was not prejudiced by the delay' " (*Matter of Oberson v Bureau of Ferry & Aviation Transp.*, 303 AD2d 795, 795 [2003], *lv denied* 100 NY2d 507 [2003], quoting *Matter of Ray v Waldbaums*, 276 AD2d 838, 838 [2000]). The burden is upon the claimant to show no prejudice by the delay (*see Matter of Dempster v United Parcel Serv.*, 280 AD2d 722, 723 [2001]).

Here, conflicting evidence was presented on the issue of timely notice with claimant testifying that he reported his injury to the general manager immediately after the incident and the general manager stating that she did not recall claimant reporting his back injury at that time. The employer's human resource manager stated that she first became aware of claimant's injury when she received a telephone call from a hospital in February 2000, but indicated that no accident report had yet been filed. She further stated that when she questioned claimant in response to this telephone call, he stated that he did not wish to file an accident report and was not sure how the injury occurred. In addition, although Kamalian filed a C-4 report in February 2000 referring to claimant's back injury, both the date and manner of injury were inconsistent with claimant's own testimony. The Board is vested with the authority to resolve factual issues relating to matters of credibility (*see Matter of Marshall v Elf Atochem N. Am.*, 285 AD2d 933, 934 [2001]), and substantial evidence supports its finding of lack of timely notice. Moreover, claimant has failed to come forward with evidence that the employer was not prejudiced by the delay. Therefore, we find no reason to disturb the Board's decision.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.