■ In the Matter of the Claim of CONNIE ROTE, Appellant, v LEXINGTON CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 678]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed April 8, 2002, which ruled that claimant failed to give timely notice of her injury to her employer.

Claimant worked in a knitting mill where her responsibilities included folding shirts around a piece of cardboard prior to packaging. In December 1997, she began to experience pain and numbness in her right hand. Although claimant alleges that her physician told her that she was suffering from employment-related carpal tunnel syndrome, no such notation was made in his reports. After corrective surgery in June 1998, which was paid for by claimant's private insurance carrier, her symptoms abated. When her symptoms reappeared in August 1999, claimant informed her employer of her condition.

Workers' Compensation Law § 18 requires written notice of an injury within 30 days of the "accident" that precipitated it (*see Matter of Rowe v Oswego Hosp.*, 299 AD2d 684 [2002]). In this matter, claimant's notice to her employer far exceeded the 30-day limitations period. "Failure to give the required notice may be excused by the [Workers' Compensation] Board based upon [claimant's showing] that such notice could not, for some sufficient reason, be given, or that the employer . . . had actual knowledge of the accident . . . or, finally, that the employer was not prejudiced by the delay" (*Matter of Ray v Waldbaums, Inc.*, 276 AD2d 838, 838 [2000] [citations omitted]; *see Matter of Clark v C.F. Evans, Inc.*, 65 AD2d 635 [1978]). Here, claimant argues that the delay should be excused because the employer still had an opportunity to have claimant examined by its own expert and thus suffered no prejudice. The employer counters that the delay rendered it unable to timely investigate the claim and to obtain an independent medical examination prior to

claimant's surgery. Upon its review of the record, the Board found that claimant had failed to give timely notice of her condition and further that she had failed to establish that the delay had not been prejudicial.

As substantial evidence supports the Board's determination that claimant failed to comply with the notice requirements of Workers' Compensation Law § 18 and that she did not meet her burden of demonstrating that the employer was not prejudiced by the untimely notice, its decision will not be disturbed (*see Matter of Depew v Lancet Arch*, 292 AD2d 666, 667 [2002]). Claimant's remaining contentions have been reviewed and found to be unpersuasive.

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.