■ In the Matter of the Claim of ARNOLD MILLER, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [785 NYS2d 796]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed July 23, 2003, which ruled that claimant failed to provide his employer with adequate notice of his injury.

Claimant, a registered nurse, was responding to a hospital call on September 8, 1994 when he allegedly exacerbated a prior abdominal injury while going down a flight of stairs. He went to the emergency room later that day and was referred to a surgeon. He filed a claim for workers' compensation benefits on May 25, 1996 and underwent abdominal surgery on June 10, 1996. He did not return to work after his surgery. In February 1997, the workers' compensation carrier controverted the claim based on, among other things, untimely notice. Following a hearing, a Workers' Compensation Law Judge found that claimant failed to provide the employer with timely notice of the claim and, therefore, disallowed it, a determination which was affirmed by the Worker's Compensation Board. Claimant appeals contending that the employer had actual notice of the injury on the date of the accident and was not prejudiced by any alleged delay.

Workers' Compensation Law § 18 requires that a claimant

seeking workers' compensation benefits give the employer written notice of an injury within 30 days of the accident that precipitated it (*see Matter of Rote v Lexington Ctr.*, 2 AD3d 1085, 1085 [2003]; *Matter of Oberson v Bureau of Ferry Aviation & Transp.*, 303 AD2d 795, 795 [2003], *lv denied* 100 NY2d 507 [2003], *cert denied* 540 US 1151 [2004]). Failure to give the required notice may be excused by the Board for various reasons including a finding that the employer had actual knowledge of the accident or the employer was not prejudiced by the delay (*see Matter of Hogençamp v AMSCAM*, 2 AD3d 937, 937-938 [2003]; *Matter of Oberson v Bureau of Ferry Aviation & Transp.*, *supra* at 795; *Matter of Ray v Waldbaums, Inc.*, 276 AD2d 838, 838 [2000]). The claimant bears the burden of proof on this issue (*see Matter of Hollenbeck v Hollenbeck & Dailey*, 2 AD3d 1068, 1068 [2003]).

Here, conflicting evidence was presented on the issue of timely notice with claimant testifying that he filled out an accident report on the day of the incident and his supervisor stating that he never received it. The director of claimant's unit testified that she was with claimant at the time of the alleged accident and that he did not indicate that he was injured. She stated that she first became aware of claimant's injury long after the date of the alleged accident. Claimant's direct supervisor testified that he first became aware of claimant's injury when he received a letter from the employer's attorney in January 1999. He stated that no incident report was ever filed and that he, as the supervisor who was supposed to receive such report, never received one. The record supports the Board's determination that the report submitted by claimant was insufficient to put the employer on notice. It was an emergency room report prepared for claimant's treatment and follow-up care. Accordingly, substantial evidence supports the Board's determination that claimant failed to comply with the notice requirements of Workers' Compensation Law § 18 and, inasmuch as claimant's delay prevented the employer from engaging in an investigation prior to claimant's surgery, he did not meet his burden of demonstrating that the employer was not prejudiced by the untimely notice (*see Matter of Rote v Lexington Ctr.*, *supra* at 1086).

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.