■ In the Matter of the Claim of GEORGE MINER, JR., Appellant, v CAYUGA CORRECTIONAL FACILITY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [788 NYS2d 237]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed October 17, 2003, which ruled that claimant failed to give timely notice of his injury to his employer.

Claimant was on medical leave from his job as a correction officer from December 2000 until October 2001 due to a back condition. After returning to work, he reinjured his back on November 17, 2001 while raising and lowering weapons to a guard tower. He called his employer to report that he would not be coming to work on November 26, 2001, his next scheduled work day, because his back hurt. At that time, he did not provide any further details or otherwise notify the employer of the accident. Ten months later, in September 2002, he filed a claim for workers' compensation benefits based on this injury. A Work-

ers' Compensation Law Judge established the case following a hearing. The Workers' Compensation Board, however, reversed and disallowed the claim based upon claimant's failure to provide the employer with notice of his injury within 30 days of the accident as required by Workers' Compensation Law § 18. Claimant now appeals.

Workers' Compensation Law § 18 requires that a claimant give his or her employer notice of an injury for which compensation is sought "within thirty days after the accident causing the injury" (*see Matter of Hogencamp v Amscam,* 2 AD3d 937, 937 [2003]). "Failure to give the required notice may be excused by the Board based upon a finding that such notice could not, for some reason, be given, or that the employer or an agent thereof had actual knowledge of the accident or death or, finally, that the employer was not prejudiced by the delay" (*Matter of Ray v Waldbaums,* 276 AD2d 838, 838 [2000] [citations omitted]; *see Matter of Oberson v Bureau of Ferry Aviation & Transp.,* 303 AD2d 795, 795 [2003], *lv denied* 100 NY2d 507 [2003], *cert denied* 540 US 1151 [2004]). No prejudice will be found to exist "where the employer had actual independent knowledge of the event or where the delay neither aggravated the injury nor prevented the employer from properly investigating the claim" (*Matter of Thousand v Human Resources Admin. Community Dev. Agency,* 252 AD2d 664, 665 [1998], *lv denied* 92 NY2d 816 [1998]).

Claimant concedes that his notice to the employer was untimely, but contends that the employer was not prejudiced by the delay. Claimant bears the burden of showing that no prejudice resulted from the delay (*see Matter of Hogencamp v Amscam, supra* at 938). He testified that he was injured when the rope slipped as a tower guard was lowering a gas canister to him from a guard tower, yet the history he gave in several medical records indicated that he injured his back while reaching into or throwing something into the back of his vehicle. Early medical forms submitted to the employer by claimant's chiropractor listed the injury as not work-related. A contemporaneous internal accident report and investigation could have assisted the employer in determining the origin of the injury. This was especially important here, considering that claimant had returned from a 10-month absence for a nonwork-related back injury only one month before this alleged accident. As substantial evidence supports the Board's finding that the employer was prejudiced by claimant's delay, we will not disturb its determination (*see id.* at 938).

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.