In the Matter of the Claim of PHYLLIS E. PAWLAK, Appellant, v FORD MOTOR COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [799 NYS2d 283]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed October 6, 2003, which, inter alia, ruled that claimant's application for workers' compensation benefits was time-barred.

After being injured in the course of her employment as an assembly line worker in April 2000, claimant's case for a compensable back injury was established. In relation to the same incident, claimant subsequently sought additional workers' compensation benefits for bilateral carpal tunnel syndrome and a neck injury. The Workers' Compensation Board disallowed the additional claims and also determined that claimant was not entitled to be reimbursed for her back surgery in December 2000 because she had not properly sought authorization therefor. Furthermore, the Board adjusted claimant's compensation award to reflect a moderate degree of disability to her back.

Initially, with respect to claimant's effort to add bilateral carpal tunnel syndrome as an occupational disease to her claim, the record reveals that claimant had been diagnosed with this condition since at least 1997 and knew it to be work related. Thus, substantial evidence supports the Board's decision that claimant's application was untimely pursuant to Workers' Compensation Law § 28, which requires the claim to be filed "within two years after disablement and after the claimant knew or should have known that the disease is or was due to the nature of the employment" (see Matter of Jex v Albion Correctional Facility, 4 AD3d 574, 575 [2004]; cf. Matter of Lesch v Wile, 289 AD2d 740, 740 [2001]).

We further agree with the Board that claimant's neck claim was properly disallowed pursuant to the 30-day notice provisions of Workers' Compensation Law § 18 since claimant admit-

ted that she did not notify her employer or seek treatment for this injury until January 2002 and also failed to prove that the employer was not prejudiced by the delay (*see Matter of Miller v North Shore Univ. Hosp.*, 13 AD3d 862, 863 [2004]; *Matter of Rote v Lexington Ctr.*, 2 AD3d 1085, 1085 [2003]). In any event, claimant failed to produce competent medical evidence demonstrating that her neck injury was causally related to the April 2000 work-related incident.

Next, we find record support for the Board's determinations that, inter alia, proper authorization for claimant's December 2000 back surgery was not obtained as required by Workers' Compensation Law § 13-a (5) and 12 NYCRR 325-1.4. Additionally, claimant's proof failed to demonstrate that such surgery was necessary as an emergency procedure (*see* Workers' Compensation Law § 13-a [5]; 12 NYCRR 325-1.4 [a] [8]).

Finally, we conclude that claimant's compensation for her established back injury was properly adjusted to reflect a moderate degree of disability subsequent to February 1, 2001. Inasmuch as substantial evidence therefore supports the Board's decision in its entirety, we decline to disturb it.

Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.