■ In the Matter of the Claim of RAYMOND BAKER, Appellant, v E.J. CONSTRUCTION GROUP, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [809 NYS2d 645]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed March 26, 2004, which ruled that claimant failed to provide his employer with timely notice of his work-related injury.

On January 14, 2003, while carrying a piece of rebar, claimant slipped and fell on some ice, injuring his hip and lower back. Claimant did not report the accident or lose any time from work until March 2003, when, according to him, the pain had become unbearable. Claimant subsequently filed a claim seeking workers' compensation benefits. A workers' compensation law judge established the claim for a work-related injury to the lower back and awarded benefits. Upon review, the Workers' Compensation Board reversed, finding that claimant failed to provide the employer with timely notice of the work-related injury. Claimant now appeals.

Workers' Compensation Law § 18 requires a claimant to provide the employer with notice of a work-related injury within 30 days of the accident causing it (see Workers' Compensation Law § 18). Failure to provide timely notice may be excused by the Board under certain circumstances (see Workers' Compensation Law § 18; Matter of Miner v Cayuga Correctional Facility, 14 AD3d 784, 785 [2005]; Matter of Miller v North Shore Univ. Hosp., 13 AD3d 862, 862-863 [2004]). While claimant concedes that he did not provide the employer with timely notice of the January 2003 accident, he contends that the employer was not

prejudiced by the delay and that his failure is excusable because he did not realize the severity of his injuries until March 2003. Notably, the record reflects that claimant filed a claim for benefits related to another work-related accident which occurred in March 2003, prior to the date upon which he reported the January 2003 incident to the employer. Substantial evidence supports the Board's conclusion that the employer was prejudiced by claimant's failure to provide timely notice to the employer of the January accident—in that it was prevented from conducting an investigation into the circumstances of that accident and the injuries sustained by claimant prior to the occurrence of the March accident. Thus, its decision will not be disturbed (*see Matter of Miller v North Shore Univ. Hosp., supra* at 862-863; *Matter of Hogencamp v AMSCAM*, 2 AD3d 937, 938 [2003]; *Matter of Depew v Lancet Arch*, 292 AD2d 666, 667 [2002]).

Spain, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.