■ In the Matter of the Claim of JAMES FLYNN, Appellant, v ACE HARDWARE CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [833 NYS2d 682]—

Carpinello, J. Appeal from a decision of the Workers' Compen-

sation Board, filed October 20, 2005, which ruled that claimant failed to give timely notice of his injury to his employer.

Claimant, a forklift operator for Ace Hardware Corporation, began experiencing pain in his neck on March 25, 2004. Although claimant offered testimony indicating that he informed his supervisor that his neck was "killing" him that day, he did not formally report an accident at that time and continued working until April 19, 2004. Never again returning to work for that employer, claimant submitted a claim for workers' compensation benefits on June 30, 2004. Following hearings, a Workers' Compensation Law Judge established the claim for "a work-related injury involving the neck." Upon the employer's application for review, however, that determination was reversed by the Workers' Compensation Board, which found that claimant failed to provide the employer with timely notice of his work-related injury. Claimant now appeals.

Pursuant to Workers' Compensation Law § 18, a claimant seeking workers' compensation benefits must inform his or her employer of a work-related injury within 30 days of the accident that caused such injury (*see Matter of Baker v E.J. Constr. Group, Inc.*, 26 AD3d 652 [2006]). Although the failure to provide such timely notice may be excused under certain circumstances, a claimant bears the burden of demonstrating that the employer was not prejudiced by any delay (*see Matter of Miner v Cayuga Correctional Facility*, 14 AD3d 784, 785 [2005]).

Here, a review of the record amply supports the Board's decision. Regardless of whether the date that claimant's injury occurred was March 25, 2004, when he first began experiencing pain, or April 19, 2004, his last day of work, his employer was not informed that he had suffered a work-related injury until June 30, 2004, the date he filed his claim. Indeed, testimony from claimant's supervisor, in addition to contradicting claimant's assertions regarding his complaints of neck pain on March 25, 2004, suggests his understanding that claimant had successfully applied for authorized absence from work pursuant to the Family Medical Leave Act of 1993. Such an understanding was validated by claimant himself, who testified as to his being granted family medical leave from April 20, 2004 until May 1, 2004. Notably, claimant also applied for disability benefits on April 26, 2004 and avowed on that application that he was neither receiving nor claiming workers' compensation benefits for a work-related disability. Finally, correspondence from physician James Greenspan, who treated claimant on June 14, 2004 and again on August 4, 2004, indicates that while claimant considered April 19, 2004 as the date of his injury, he had yet to file a

workers' compensation claim as of his June 14, 2004 appointment, clearly beyond the 30-day allotted time period pursuant to Workers' Compensation Law § 18. Inasmuch as claimant's delay inhibited his employer from promptly investigating the circumstances allegedly leading to his injury and the fact that he has offered no evidence demonstrating that his untimely notice was not prejudicial toward his employer, substantial evidence supports the Board's decision and we decline to disturb it (*see Matter of Miller v North Shore Univ. Hosp.*, 13 AD3d 862, 863 [2004]).

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.