██ In the Matter of the Claim of CATHERINE COFFEY, Respondent, v SHOP-RITE SUPERMARKETS NORTH, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [833 NYS2d 308]—

Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed January 30, 2006, which ruled that claimant was excused from providing timely written notice of her accident pursuant to Workers' Compensation Law § 18.

On December 20, 2004, claimant sustained an injury to her right hip when she slipped and fell on a wet floor mat at her

---

place of work. Thereafter, on or about April 9, 2005, claimant filed a written report of the incident and her resulting injury. A hearing ensued, at the conclusion of which a Workers' Compensation Law Judge established claimant's case for a work-related injury and set an average weekly wage. Upon review, a panel of the Workers' Compensation Board affirmed, finding that claimant was excused from giving timely written notice of her accident in accordance with the terms of Workers' Compensation Law § 18. This appeal by the employer ensued.

We affirm. To be sure, Workers' Compensation Law § 18 requires a claimant to provide his or her employer with written notice of a work-related injury within 30 days of the underlying accident (*see* Workers' Compensation Law § 18; *Matter of Baker v E.J. Constr. Group, Inc.*, 26 AD3d 652 [2006]). Failure to tender the required notice, however, may be excused if, insofar as is relevant to the instant appeal, the employer or its agent had actual knowledge of the accident (*see* Workers' Compensation Law § 18; *Matter of Miner v Cayuga Correctional Facility*, 14 AD3d 784, 785 [2005]).

Here, there is no dispute that claimant did not provide the employer with written notice of her accident within the 30-day period. The record plainly reflects, however, that claimant's accident was witnessed by a coworker, who immediately notified the employer's assistant manager. The assistant manager, in turn, responded by helping claimant up off the floor and onto a nearby bench. Later that day, claimant advised the assistant manager and another coworker that she was "hurting bad" and, therefore, would be leaving work early. When questioned at the hearing as to whether she subsequently spoke with someone in a managerial position about the underlying accident, claimant testified that she spoke with the employer's manager, who had observed her limping, at some point in January 2005, at which time they specifically discussed her December 2004 fall, the fact that she was limping and the pain that she was experiencing. Thus, the Board found that claimant was excused from providing timely written notice of her accident because the employer had actual knowledge thereof. Under the circumstances presented here, we are unable to discern any basis upon which to disturb that finding. In light of this conclusion, the employer's remaining contentions are either academic or lacking in merit.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.