In the Matter of the Claim of WALDRINE EWOOL, Appellant, v FRANKLIN HOSPITAL MEDICAL CENTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [853 NYS2d 427]—

Carpinello, J.

On July 13, 2003, claimant was employed as a medical lab technologist when, in an unwitnessed accident, his left knee was allegedly injured when he dropped a box on it. He did not report the accident to the employer within 30 days of the occurrence.* Claimant's employment was eventually terminated for unrelated reasons in September 2004. In December 2004, claimant filed a claim for workers' compensation benefits on the basis of his left knee injury and began treatment for that injury and purported consequential injuries to his right knee and lower back. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) controverted the claim based on late notice. At the conclusion of the hearings, the Workers' Compensation Law Judge awarded claimant benefits. The Workers' Compensation Board reversed, determining that claimant's notice of injury was not timely and that the Workers' Compensation Law Judge erred in finding no prejudice to the employer. Claimant appeals and we affirm.

Pursuant to the Workers' Compensation Law, a claimant seeking workers' compensation benefits must provide his or her employer with notice of a compensable injury "within thirty days after the accident causing such injury" (Workers' Compensation Law § 18; see Matter of Flynn v Ace Hardware Corp., 38 AD3d 1143, 1144 [2007]; Matter of Miner v Cayuga Correctional Facility, 14 AD3d 784, 785 [2005]; Matter of Dempster v United Parcel Serv., 280 AD2d 722, 723 [2001]; Matter of Ray v Waldbaums, Inc., 276 AD2d 838, 838 [2000]). Failure to furnish timely notice may be excused by the Board if, among other

---

* Claimant asserted that he orally reported the injury to a supervisor in September 2003.

reasons, the employer has not been prejudiced by the untimely notice (*see* Workers' Compensation Law § 18; *Matter of Miner v Cayuga Correctional Facility*, 14 AD3d at 785; *Matter of Ray v Waldbaums, Inc.*, 276 AD2d at 838). If a lack of prejudice to the employer is asserted, "a claimant bears the burden of demonstrating that the employer was not prejudiced by any delay" (*Matter of Flynn v Ace Hardware Corp.*, 38 AD3d at 1144; *see Matter of Miner v Cayuga Correctional Facility*, 14 AD3d at 785; *Matter of Dempster v United Parcel Serv.*, 280 AD2d at 723).

In the present case, there is no dispute that claimant did not provide timely notice of his injury, and the record reveals that claimant presented no evidence that the employer did not suffer prejudice as a result of claimant's delay. Notably, claimant continued working after the injury, and he failed to seek appropriate medical treatment for more than 17 months. Inasmuch as substantial evidence supports the Board's conclusion that claimant failed to demonstrate that the employer was not prejudiced by the delay, we decline to disturb its decision (*see Matter of Baker v E.J. Constr. Group, Inc.*, 26 AD3d 652, 653 [2006]; *Matter of Miller v North Shore Univ. Hosp.*, 13 AD3d 862, 863 [2004].

Claimant's remaining contentions have been considered and found to be without merit.

Peters, J.P., Kane, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.