Matter of Turner v New York City Dept. of Juvenile Justice (2018 NY Slip Op 01968)





Matter of Turner v New York City Dept. of Juvenile Justice


2018 NY Slip Op 01968


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

523422

[*1]In the Matter of the Claim of DELYNN TURNER, Appellant,
v
NEW YORK CITY DEPARTMENT OF JUVENILE JUSTICE et al, Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: February 15, 2018

Before: Garry, P.J., Devine, Mulvey, Aarons and Pritzker, JJ.


Law Office of Joel M. Gluck, New York City (Joel M. Gluck of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York City (Benjamin C. Roth of counsel), for New York City Department of Juvenile Justice and another, respondents.
Steven M. Licht, Special Funds Conservation Committee, New York City (Jill B. Singer of counsel), for Special Funds Conservation Committee, respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeals (1) from a decision of the Workers' Compensation Board, filed April 9, 2015, which ruled that claimant did not sustain a causally-related disability to her back, and (2) from a
decision of said Board, filed February 4, 2016, which denied claimant's request for reconsideration and/or full Board review.
Claimant worked as a juvenile counselor at a detention facility operated by the New York City Department of Juvenile Justice. On December 1, 2001, she was injured while attempting to restrain two residents. On August 28, 2005, she was injured when she was physically assaulted by another resident. She filed claims for workers' compensation benefits with respect to both incidents. The 2001 claim was established for injuries to her back and left pinky finger, and the 2005 claim was established for injuries to her neck, back and left shoulder. The 2005 claim was subsequently resolved by stipulation of the parties awarding claimant a 21.25% schedule loss of use of her left arm, effectively closing the case.
On November 28, 2005, claimant was involved in a motor vehicle accident and commenced a third-party action to recover for injuries sustained therein that was later settled. In March 2009 and July 2009, she had surgeries on her back and sought to reopen the 2005 claim to obtain compensation for them [FN1]. In connection therewith, a Workers' Compensation Law Judge (hereinafter WCLJ) directed claimant to produce documents related to the motor vehicle accident, including medical records and the pleadings in the legal action, and also directed the parties to conduct depositions of various physicians. However, not all records were produced and not all physicians were deposed. After reviewing the evidence that was submitted, the WCLJ ruled that claimant's two surgeries were causally-related to the back injury that she sustained during the 2005 incident at work. The Workers' Compensation Board reversed and determined, among other things, that claimant did not have a causally-related disability to her back and that, therefore, the surgeries were not compensable. Claimant's request for reconsideration and/or full Board review of this decision was denied, and she now appeals from both decisions.
We affirm. Claimant contends that the Board failed to undertake a comprehensive review of the evidence in the record and that its finding that she did not sustain a causally-related disability to her back is not supported by substantial evidence. Initially, "claimant bears the burden of establishing, by competent medical evidence, a causal relationship between his or her employment and a disability" (Matter of Guz v Jewelers Machinist, Inc., 71 AD3d 1272, 1272 [2010]; see Matter of Benjamin v Sprint/Nextel, 67 AD3d 1277, 1278 [2009]). Where conflicting medical opinions are presented on the issue of causality, the Board is vested with the authority to resolve the conflicts and deference is accorded to its credibility determinations (see Matter of Franco v Peckham Indus., Inc., 91 AD3d 997, 997 [2012], lv denied 18 NY3d 810 [2012]; Matter of Jean-Lubin v Home Care Servs. for Ind. Living, 295 AD2d 825, 826 [2002]; Matter of Diliberto v Hickory Farms, 236 AD2d 663, 663 [1997]).
Claimant testified that the only injury that she sustained as a result of the November 2005 motor vehicle accident and for which she sought medical treatment was an injury to her right knee. This is consistent with the testimony of Carlisle St. Martin, the neurologist who treated claimant following her 2001 and 2005 work-related incidents and saw her after her 2009 surgeries. He opined that the back injury necessitating the surgeries rendered claimant totally disabled and that her disability was causally-related to the incidents at work, not to the motor vehicle accident. Notably, he based that opinion on the information provided by claimant and did not review any medical records pertaining to the motor vehicle accident.
A conflicting opinion was given by Pierce Ferriter, an orthopaedist who performed independent medical examinations of claimant following her 2009 back surgeries. After reviewing claimant's medical records, including some that were related to the motor vehicle accident, he opined that claimant's back injury and related surgeries were not connected to the 2005 incident at work and may have been attributable to the motor vehicle accident. He did not express this opinion upon his initial examination of claimant because she did not disclose the motor vehicle accident at that time. The other physicians who were deposed declined to provide any opinion as to what led to claimant's back injury and related surgeries.
The Board was free to, and did, credit the medical testimony establishing the lack of a [*2]causal relationship between claimant's back injury, including her surgeries, and the work-related incidents over the contrary medical testimony. The Board further found claimant's account of the 2005 motor vehicle accident and the injuries she sustained to be incredible and, in that regard, properly drew a negative inference from her nonproduction of court filings, as directed by the WCLJ, that could presumably have been obtained from the court clerk (see Matter of Winters v Advance Auto Parts, 119 AD3d 1041, 1043 [2014]; Matter of Wiess v Mittal, 96 AD3d 1175, 1177 [2012]). Likewise, the closure of the 2005 claim upon the issuance of a schedule loss of use award for claimant's left arm suggests that any work-related injury to claimant's back had been resolved well before the 2009 surgeries. Thus, assuming without deciding that claimant could ever be reimbursed for the 2009 surgeries despite her failure to obtain preapproval for them (but see Workers' Compensation Law § 3-a [5]; Matter of Pawlak v Ford Motor Co., 19 AD3d 831, 832 [2005]), substantial evidence supports the Board's finding that she does not have a causally-related disability to her back that would warrant such reimbursement. Lastly, inasmuch as claimant has not advanced any arguments with respect to the denial of her request for reconsideration and/or full Board review, we affirm that decision as well.
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: For the purpose of gathering evidence, the workers' compensation files in the 2001 claim and the 2005 claim were directed to travel together.