In decisions Nos. 72–76, Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK COCCA, Appellant.— Defendant appeals from an order of the Albany County Court revoking his probation. On February 10, 1960, defendant was convicted upon his plea of guilty to three indictments charging him with the crime of book-making in violation of section 986 of the Penal Law. A sentence of one year and a fine of $500 was imposed for each indictment. The jail sentences were suspended and defendant was placed on probation. Thereafter and on May 2, 1960, the County Court determined that the defendant was a parole violator, revoked his probation and committed him to the Albany County Jail for one year. Respondent urges that the order is not appealable. The right of appeal in a criminal action or proceeding is granted entirely by statute. Section 517 of the Code of Criminal Procedure provides for appeals which may be taken by a defendant, and does not encompass an appeal from an order revoking probation. No appeal lies from such an order. (People v. Capria, 278 App. Div. 745.) Appeal dismissed.

■ In the Matter of the Claim of WILLIAM JOCHER, Respondent, v. PIEL BROTHERS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. The claimant testified that while lifting wooden pallets weighing 60 or 70 pounds on June 11, 1957 he experienced a pain in his back. He continued to work for the employer until June 21, 1957 when he was laid off. On June 26, 1957 the claimant consulted Dr. Landman and on July 11, 1957 he was admitted to the hospital where after several days he gave, for the first time, the history of the lifting incident to Dr. Landman. On November 7, 1957 the claimant took a civil service position at a salary much less than he had been earning with the employer herein. In the interim period he worked only 13 days. At the first hearing the appellants raised the issue of notice but at the first hearing at which the claimant testified the appellants did not specifically raise the issue although the Referee noted that it was one of the issues. Two of the claimant's coworkers testified that they remembered some mention by the claimant of his back. Dr. Landman testified on April 30, 1958 that the claimant was unable to return to work of lifting pallets and in his report dated December 24, 1958 he stated he could not say when the claimant would be able to resume his usual work. The Referee made an award to cover the period from June 24 to November 7, 1957, a further award of reduced earnings to April 22, 1959 and continued the case to the first calendar for an up-to-date medical report. The board affirmed holding that the appellant waived the issue of notice by not raising it at the first hearing at which the claimant testified. On the question of accident the board accepted the claimant's story as to the lifting incident and this was solely a question of credibility which was within the realm of the board's fact-finding power. As to the claimant's continuing disability the testimony and report of Dr. Landman gave sufficient support to the award particularly since the case was continued to an early calendar for up-to-date medical reports. There was also evidence presented to support the finding of the claimant's average weekly wage. The last contention raised by the appellants is that the question of notice was not waived and on this point the board appears to have erred. At the very first hearing the appellants most assuredly raised the issue of notice and the claimant was there and answered a question concerning his disability benefits although he was not sworn. Because he was not sworn it might be argued that there was not "testimony" in the accepted sense of the word. At the first hearing where testimony was received claimant was sworn and told his story and the cross-examination certainly pur-

sued the question of notice. At the conclusion of that hearing the Referee noted that the issues entailed, *inter alia,* notice. All parties certainly knew the question of notice was in the case from the first hearing; its inclusion was reiterated at a subsequent hearing at which no testimony was taken and its presence was again noted at the first hearing at which testimony was received. Section 18 of the Workmen's Compensation Law provides that the question must be raised at the first hearing at which all parties are represented and at which the claimant testified but raising the issue at an earlier hearing when all parties were present and at which the claimant did not testify was sufficient compliance with the statute (cf. *Matter of Swanton* v. *Rockaway News Supply Co.,* 4 A D 2d 717) when at the first hearing at which the claimant testified the Referee stated that notice was one of the issues, the parties, all represented by counsel, recognizing that it was and the issue thereupon becoming the subject of examination of claimant. Decision and award reversed and case remitted, with costs to appellants against the Workmen's Compensation Board.