■    In the Matter of the Claim of LILLIAN HOSIE, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed March 13, 1975, which disallowed a claim for compensation under the Workmen's Compensation Law. Claimant, a telephone operator, alleges that she was injured on November 26, 1968, when she tripped over her head-set cord, fell on her back and struck her head. She failed to report the fall to her supervisor at the time and made no report of the incident until April, 1969. The board rejected the claim on the ground that timely notice under section 18 of the Workmen's Compensation Law had not been given. The respondent asserts that claimant has not produced sufficient evidence of a waiver of notice on its part. At the first hearing on January 25, 1972, at which time the claimant was present with her attorney, the attorney for the respondent informed the referee that the employer was controverting the accident on the grounds of accident, notice and causal relationship. The claimant, although not sworn, testified at the hearing by answering a question posed by respondent's attorney. At that hearing, her attorney recognized that the issue of notice existed, as did the referee. At a subsequent hearing held on July 24, 1972, at which the claimant was present but

did not testify, the issue of notice was clearly raised and discussed by claimant's attorney. Finally, at the next hearing on November 14, 1972, claimant testified and was cross-examined. The issue of notice was covered in both her direct testimony and on cross-examination. In our view, all parties knew that respondent had raised the question of notice at the first hearing and reiterated it in the subsequent hearings. It is apparent therefore that the parties were fully aware that notice was at issue. We also note that at the first hearing at which claimant testified, she was examined and cross-examined on that issue without objection. This constituted sufficient compliance with the statute (see *Matter of Jocher v Piel Bros.,* 13 AD2d 580). On this record the board could properly find that notice was not waived by the carrier. Under the circumstances of this case, the only rational excuse for claimant's failure to give notice would be lack of prejudice to the employer (Workmen's Compensation Law, § 18). The board did not pass on this question. The burden of showing that the delay has not been prejudicial is on the claimant *(Matter of Orientale v Marcus Assoc.,* 51 AD2d 831; *Matter of Tillotson v New York Tel. Co.,* 33 AD2d 612; *Matter of Smith v Nash Motor Corp.,* 233 App Div 296). The facts herein do not support a finding of prejudice as a matter of law (cf. *Matter of Zraunig v New York Tel. Co.,* 32 AD2d 686). Therefore the case must be remitted to the board for findings of fact on the question of prejudice by reason of claimant's failure to give notice *(Matter of Klausner v S & T Delicatessen,* 37 AD2d 1012). Decision reversed, and matter remitted for further proceedings not inconsistent herewith, without costs. Koreman, P. J., Greenblott, Sweeney, Mikoll and Herlihy, JJ., concur.