■ In the Matter of the Claim of FRANK TUMMINELLO, Appellant, v DADSWELL AND TUMMINELLO, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed December 18, 1985, which ruled that the claim was barred due to claimant's failure to file a timely written notice of claim.

Claimant, who is both an employee and co-owner of the employer corporation, allegedly injured his back while at work on December 7, 1979. Claimant was subsequently hospitalized and underwent back surgery in January 1980. It is undisputed that claimant permitted a year to pass before he made a claim

for workers' compensation benefits by filing a form C-3 dated December 26, 1980. The employer and the insurance carrier contested claimant's right to benefits on the ground, *inter alia,* that claimant had failed to give proper notice within 30 days of the injury as mandated by Workers' Compensation Law § 18. The Workers' Compensation Board ultimately found that claimant was barred by his failure to give timely notice of his claim.

Claimant argues that proper notice was given based on the fact that the other co-owner of the employer corporation, Clarence Dadswell, was present when claimant sustained his injury and that such actual notice was sufficient to excuse compliance with the written notice requirement, as provided in Workers' Compensation Law § 18. It *is* further argued that notice to the employer should have been statutorily imputed to the carrier under Workers' Compensation Law § 54 (2). Claimant contends that, therefore, it was error for the Board to ignore the employer's actual notice in deciding that claimant's failure to comply with Workers' Compensation Law § 18 barred his claim.

In our view the Board correctly applied our decision in *Matter of Nebenhaus v Lydmark Corp.* (79 AD2d 804) in concluding that Dadswell's actual notice of claimant's injury was insufficient in this instance to satisfy Workers' Compensation Law § 18. In addition, due to the special circumstances in this case, the Board properly found Workers' Compensation Law § 54 (2) to be inapplicable and hence that claimant was also required to give notice directly to the carrier *(see, supra,* at 805).

In *Nebenhaus,* the claimant was both an employee and an officer of the employer corporation when he sustained a work-related injury. When his claim for benefits was challenged because he had not complied with the statutory notice provision, he argued that his own knowledge of his injury was imputed to the carrier under Workers' Compensation Law § 54 (2). We ruled that in such circumstances, where a conflict of interest exists between the employer and the carrier based on a claimant's relationship to the employer, Workers' Compensation Law § 54 (2) will not operate to impute the employer's notice of the injury to the carrier *(supra).*

In the instant case, there was substantial evidence in the record from which the Board could conclude that the interest of the employer was more closely aligned with claimant's interest than with the carrier's. Claimant's own testimony

establishes that initially he and Dadswell agreed that he would pursue only disability benefits, which claimant collected for 26 weeks. From this testimony, it is evident that claimant knew that Dadswell had made no report to the compensation carrier and that he did not intend to do so. Based on the foregoing facts, the Board could properly find a conflict of interest between the employer and the carrier which would preclude the application of Workers' Compensation Law § 54 (2). There was also sufficient evidence to support the Board's conclusion that the carrier was prejudiced by the substantial delay in notification.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.