■ In the Matter of the Claim of ESTELLA YAGALOFF, Respondent, v LINCOLN HALL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. Appeal from an amended decision of the Workers' Compensation Board, filed December 31, 1986.

Claimant, a school teacher, injured her back in her classroom on Friday, May 1, 1981 while lifting two boxes of teaching material. The only issue on this appeal is whether the Workers' Compensation Board was correct in excusing

claimant's failure to give timely notice pursuant to Workers' Compensation Law § 18.

The record demonstrates that claimant mentioned the incident to a co-worker and, as the pain progressed, she decided to obtain medical attention at her home in Danbury, Connecticut. On Monday, May 4, 1981, she called the school's acting principal to inform him she would be absent because of the necessity of medical treatment to her back. He advised her that she had exhausted her absences for such purposes and did not inquire as to the cause for such treatment, nor did claimant volunteer the information. She then came under the care of Dr. Jacob Friedman, a chiropractor, to whom she reported the details of the incident. After examination and treatment, Dr. Friedman diagnosed her condition as a herniated disc. Claimant returned to work on May 6, 1981 and continued to perform her duties until September 1981. Thereafter, in November 1981, she was hospitalized and came under the care of an orthopedic surgeon, Dr. Matthew Skolnick, who informed her that she had a herniated disc. He performed a laminectomy in January 1982, which alleviated her immediate problem and permitted her to return to work.

It appears that claimant first learned of her disc problem from Dr. Skolnick in November 1981, for she then called the appropriate school administrator and informed him of her difficulty and related it to the incident of May 4, 1981. A claimant's report of injury was completed by her and duly filed on December 17, 1981. However, when the acting principal, to whom she had first reported the incident, was requested to verify the information therein, he rejected the claim and there was no investigation made thereafter.

The Board determined that the failure to give the statutory notice required by Workers' Compensation Law § 18 should be excused since claimant sought prompt medical treatment and the carrier was not prejudiced in its inability to investigate the claim. Essentially, the Board has determined that the inactivity of the employer cannot form the basis for asserting a claim of prejudice for failure to serve notice under Workers' Compensation Law § 18. The critical witnesses identified by claimant were not interviewed by or on behalf of the employer, nor did they testify at any subsequent hearing. The issues raised are questions of fact for determination by the Board *(see, Matter of Scaccia v Cyprus Mines Corp.,* 45 AD2d 789)*. Where, as here, there is substantial evidence to support the decision of the Board, it must be affirmed *(see, Matter of*

*Pollack v Baronette Lingerie,* 65 AD2d 831; *Matter of Coyle v Morningside House,* 59 AD2d 819).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.