■ In the Matter of the Claim of PAMELA L. KEEGAN, Respondent, v KRAFT, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [600 NYS2d 355] —Mahoney, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed October 9, 1991 and August 5, 1992, which, *inter alia,* excused claimant's failure to provide notice of her injury as required by Workers' Compensation Law § 18.

While claimant did not give her employer written notice that she had sustained a job-related accident within 30 days after the occurrence, as required under Workers' Compensation Law § 18, and delayed until approximately seven months after the accident, we find that substantial evidence supports the determination of the Workers' Compensation Board excusing her delay on the ground that the employer was not prejudiced by it *(see,* Workers' Compensation Law § 18). At the hearing it was established that claimant immediately sought medical attention for her injuries and participated in follow-up care, thus establishing that the delay did not aggravate her injuries *(see, Matter of Cortese v Rochester Prods. Div., G.M.C.,* 91 AD2d 802). The additional fact that all the employees identified by claimant as witnesses to the accident were available and testified on the employer's behalf also supports a finding that the delay did not hinder preparation of a defense. While, concededly, several of the employee witnesses were unable to recall every detail of claimant's accident, in our view this was the result not of the seven-month reporting delay but rather the fact that almost four years had elapsed between the accident and the hearing, a situation common to many compensation claims.

As a final matter, under the circumstances we find no merit to the employer's argument that the lack of timely notice precluded it from obtaining a contemporaneous medical examination of claimant and thus prejudiced its ability to disprove causation. A review of the record reveals that any prejudice which occurred in this regard was due to the employer's own inaction. Despite several opportunities to conduct a medical examination, once in connection with claimant's application for disability benefits (which was filed approximately one month after the accident) and again when the compensation claim was filed, the employer took no action and has yet to conduct such an examination *(cf., Matter of Yagaloff v Hall,*

137 AD2d 955, 956). In any event, given claimant's prompt treatment and the availability of medical reports prepared by her subsequent treating physicians, we see no bar to the employer's securing a medical consultant to render an opinion about the cause of claimant's condition.

Mikoll, J. P., Mercure and Crew III, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.