In the Matter of the Claim of JAMES S. HOLLENBECK, Respondent, v HOLLENBECK & DAILEY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 742]—

Kane, J. Appeal from an amended decision of the Workers' Compensation Board, filed August 26, 2002, which ruled, inter alia, that the workers' compensation carrier was not prejudiced by claimant's late notice.

Claimant, vice-president and a laborer for a family-owned roofing business, filed for workers' compensation benefits after being injured in an unwitnessed fall. While the accident occurred on September 15, 2000, his claim for compensation was dated November 14, 2000 and filed on November 24, 2000. An employer's report of injury dated November 15, 2000 was filed on November 27, 2000. The workers' compensation carrier controverted the claim based on, among other things, untimely notice. The Workers' Compensation Law Judge (hereinafter WCLJ) ruled that even if claimant's notice was untimely, such untimeliness was excused on the ground that the carrier was not prejudiced thereby. On the carrier's appeal, the Workers' Compensation Board filed an amended decision modifying the WCLJ's findings by determining that claimant's notice was untimely because claimant, as an officer of the employer, was required to provide notice directly to the carrier. The Board agreed with the WCLJ that the carrier had not been prejudiced and excused the late notice.

Because claimant was an officer of the employer, he had a duty to give notice to the carrier, not just the employer (*see Matter of Tumminello v Dadswell & Tumminello*, 132 AD2d 735, 736 [1987], *lv denied* 70 NY2d 612 [1987]; *Matter of Nebenhaus v Lydmark Corp.*, 79 AD2d 804 [1980]). Claimant failed to give notice to the carrier within 30 days. The only question is whether that untimeliness is excused based on a lack of prejudice (*see* Workers' Compensation Law § 18). Claimant bears the burden of proof on this issue (*see Matter of Dempster v United Parcel Serv.*, 280 AD2d 722, 723 [2001]).

Substantial evidence supported the Board's finding that the carrier did not suffer prejudice due to the delayed notice (*see*

*Matter of Keegan v Kraft, Inc.*, 195 AD2d 775 [1993]). Claimant testified about the unwitnessed accident. Since there were no other witnesses to the accident itself, the late notice could not have caused the carrier to lose any opportunities to interview witnesses. Although claimant's notice to the employer's president was inadequate, it provided some basis to substantiate the accident (*see Matter of Yagaloff v Hall*, 137 AD2d 955, 956 [1988]). Claimant was involved in an automobile accident two days after his work-related accident; thus, even if prompt notice had been given, the carrier would not have had an opportunity to conduct a medical examination unaffected by the auto accident. Under the circumstances, claimant satisfied his initial burden of showing that notice and a prompt investigation would not have yielded additional information for the carrier to formulate a defense (*see Matter of Pollack v Baronette Lingerie*, 65 AD2d 831, 832 [1978]).

The carrier failed to counter claimant's showing by presenting proof of actual prejudice. It failed to undertake a prompt or adequate investigation upon receiving notice. No independent medical examination was conducted or even requested. The record demonstrates that the carrier made one ineffectual attempt to contact the employer's president by telephone and failed to follow up when advised that she was unavailable for that call. No specific witnesses were identified as being unavailable or unreachable. While it appears that the employer's officers, all of whom were apparently claimant's relatives, were not extremely cooperative, this situation probably would not have been different had the carrier investigated earlier (*see id.* at 832). Any prejudice is related to the carrier's own inaction, rather than claimant's late notice (*see Matter of Keegan v Kraft, Inc., supra*; *Matter of Yagaloff v Hall, supra*).

Discrepancies between claimant's C-3 and the employer's C-2 forms pertain to claimant's establishment of a compensable accident, a defense barred by the WCLJ's unappealed ruling that the carrier's notice of controversy was filed late (*see* Workers' Compensation Law § 25 [2] [b]). Alleged prejudice related to the carrier's inability to obtain information regarding injuries that claimant suffered prior and subsequent to this accident pertain to the issue of apportionment, which the Board did not determine but continued for further development. As there was no proof of prejudice to the carrier related to claimant's late notice, we affirm.

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the amended decision is affirmed, without costs.