In the Matter of the Claim of JON P. DUSHARM, Appellant, v GREEN ISLAND CONTRACTING, LLC, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [890 NYS2d 728]—

Kane, J.

Claimant, a labor supervisor for a highway construction

company, allegedly sustained a work-related back injury in April 2006, but did not seek medical treatment until May 2007 and did not apply for workers' compensation benefits until August 2007. Following a hearing, a Workers' Compensation Law Judge awarded claimant benefits. The Workers' Compensation Board reversed, concluding that claimant failed to provide his employer with timely notice pursuant to Workers' Compensation Law § 18. Claimant appeals.

We affirm. Workers' Compensation Law § 18 requires claimants seeking benefits to provide their employers with written notice of a compensable injury "within thirty days after the accident causing such injury" (see Matter of Miner v Cayuga Correctional Facility, 14 AD3d 784, 785 [2005]). Claimant admittedly did not file timely written notice. Failure to provide such notice bars any claim, unless the Board excuses that failure on the ground that notice could not be given, the employer or its agent had knowledge of the accident, or the employer was not prejudiced (see Workers' Compensation Law § 18). The Board is not required to excuse a claimant's failure to give timely written notice even if one of these grounds is proven; the matter rests within the Board's discretion. Although claimant testified that he notified his supervisor within minutes after his accident, thus providing oral notice to his employer's agent, "resolution of the sufficiency of a claimant's oral notice is a matter within the exclusive province of the Board" (Matter of Pisarek v Utica Cutlery, 26 AD3d 619, 620 [2006]).

Here, the Board refused to excuse claimant's lack of written notice. Claimant's testimony indicated that his supervisor did not take him seriously and never filed an accident report. The Board considered the claim suspect based upon claimant's delay in seeking medical treatment and filing his claim, his failure to initially mention the work injury to his medical providers, his previous 20-year history of back pain, his inconsistent statement to an independent medical examiner that he had never experienced difficulties with his back prior to the accident, and his failure to miss any time from work due to this accident for more than a year thereafter. These circumstances prejudiced the employer's ability to investigate the claim (compare Matter of Ewool v Franklin Hosp. Med. Ctr., 49 AD3d 1019, 1020 [2008], lv denied 10 NY3d 711 [2008]; Matter of Flynn v Ace Hardware Corp., 38 AD3d 1143, 1144-1145 [2007]), which affected the Board's determination to not excuse claimant's untimely written notice despite the oral notice. As the Board's determination constitutes an exercise of its discretion based upon substantial evidence, we see no basis to disturb its decision.

Cardona, P.J., Peters, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.