■ In the Matter of the Claim of Shaun McCarthy, Respondent, v Verizon Wireless et al., Appellants. Workers' Compensation Board, Respondent. [921 NYS2d 415]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed December 14, 2009, which, among other things, ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.

Claimant filed a claim for workers' compensation benefits in May 2009, alleging that he sustained a work-related injury to his lower back in November 2008. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) controverted the claim and argued, among other things, that claimant failed to provide timely notice of the accident. The employer filed a prehearing conference statement, but failed to appear for the conference itself. A Workers' Compensation Law Judge accordingly relied upon claimant's

testimony given at the conference and established the claim (*see* 12 NYCRR 300.38 [g] [17]). Upon review, the Workers' Compensation Board affirmed. The employer now appeals.

The employer initially contends that the Board erred in not restoring the case to the calendar to permit it to cross-examine claimant and submit other evidence. The relevant regulations do not automatically provide for the adjournment or rescheduling of a prehearing conference where an insurance carrier fails to appear, but rather permit one as a discretionary matter if "the required showing" is made (12 NYCRR 300.38 [g] [17]; *see* 12 NYCRR 300.38 [j]).\* Since the employer did not seek an adjournment, and offered no explanation for its nonappearance beyond a failure by the carrier's third-party administrator to alert counsel to the upcoming conference, we perceive no abuse of discretion in the Board's refusal to permit further development of the record (*see Matter of Beers v Jump Start Advanced Academics*, 57 AD3d 1026, 1027-1028 [2008]; *see generally Matter of Conway v CBI Servs.*, 1 AD3d 739, 741-742 [2003]).

Turning to the merits, claimant's failure to give timely written notice of his compensable injury to the employer bars his claim "unless the Board excuses that failure on the ground that notice could not be given, the employer or its agent had knowledge of the accident, or the employer was not prejudiced" (*Matter of Dusharm v Green Is. Contr., LLC*, 68 AD3d 1402, 1403 [2009]; *see* Workers' Compensation Law § 18). Here, claimant testified that he orally notified his supervisor of the accident a week after it occurred, ceased working and obtained short-term disability benefits. The Board determined that the oral notice given was sufficient, which was a matter within its exclusive province (*see Matter of Dusharm v Green Is. Contr., LLC*, 68 AD3d at 1403; *Matter of Pisarek v Utica Cutlery*, 26 AD3d 619, 620 [2006]). Claimant further stated that he had no intention of seeking workers' compensation benefits initially and only did so after his condition worsened. Moreover, he began receiving medical treatment for his injuries soon after the accident, and his medical records are available to the employer. Substantial evidence thus supports the Board's further finding that the employer was not prejudiced by claimant's failure to give timely written notice (*see Matter of Keegan v Kraft, Inc.*, 195 AD2d 775, 775-776 [1993]; *Matter of Yagaloff v Hall*, 137 AD2d 955, 956 [1988]).

Mercure, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.

---

\* We note that "adjournment" is defined by the regulations to include a rescheduling or continuance of the conference (*see* 12 NYCRR 300.38 [j] [4]).