■ In the Matter of the Claim of KEVIN A. DUDAS, Appellant, v TOWN OF LANCASTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [935 NYS2d 172]—

Egan Jr., J.

Claimant, a laborer for the employer's Department of Recreation, allegedly injured his right ankle on February 28, 2007 when he slipped on a patch of ice at the employer's Town Hall. Claimant continued to work and did not seek medical treatment until approximately 10 days later, when he presented at the local emergency room complaining of pain and swelling. When these symptoms persisted, claimant sought treatment from an orthopedist in May 2007 and, following an MRI, the prospect of surgical intervention was discussed. Despite claimant's ongoing difficulties and treatment, he did not report his injury to the employer until June 27, 2007.

The employer's workers' compensation carrier initially authorized medical care, but the employer and the carrier (hereinafter collectively referred to as the employer) controverted the claim following receipt of the emergency room records, which indicated that claimant twisted his ankle falling off a porch, thus raising a question as to whether the underlying injury actually was work related. Following a hearing, a Workers' Compensation Law Judge found, among other things, that claimant failed to timely report the accident and disallowed the claim. Upon review, the Workers' Compensation Board affirmed, prompting this appeal.

Initially, we reject claimant's assertion that the employer waived the defense of timely notice (*see* Workers' Compensation Law § 18). This issue was squarely raised in the employer's C-7 form filed in this matter (*see Matter of Rowe v Oswego Hosp.*, 299 AD2d 684, 684 [2002]), and thereafter was addressed at both the September 2008 and October 2008 hearings. Thus, regardless of which hearing may be viewed as the first hearing at which claimant offered sworn testimony (*see* Workers' Compensation Law § 18), it is apparent that all "parties were fully aware that notice was at issue" (*Matter of Hosie v New York Tel. Co.*, 60 AD2d 715, 716 [1977]; *see Matter of Jocher v Piel Bros.*, 13 AD2d 580, 580-581 [1961]; *compare Matter of Lewis v New York Daily News*, 43 AD2d 607, 607-608 [1973]).

Turning to the merits, Workers' Compensation Law § 18 requires a claimant to provide his or her employer with written notice of a compensable injury "within thirty days after the accident causing such injury." Although the failure to provide timely notice may be excused where, insofar as is relevant to this appeal, the employer has not been prejudiced thereby (*see* Workers' Compensation Law § 18; *Matter of Dusharm v Green Is. Contr., LLC*, 68 AD3d 1402, 1403 [2009]; *Matter of Ewool v Franklin Hosp. Med. Ctr.*, 49 AD3d 1019, 1019-1020 [2008], *lv denied* 10 NY3d 711 [2008]), such decision remains a matter

committed to the Board's sound discretion (*see Matter of Dusharm v Green Is. Contr., LLC*, 68 AD3d at 1403). Here, despite ongoing symptoms, claimant continued working and delayed both reporting the accident and seeking treatment, which may well have permitted claimant's condition to worsen and, more to the point, prevented the employer from promptly investigating the underlying incident. Under these circumstances, we cannot say that the Board abused its discretion in disallowing the claim.

Mercure, A.P.J., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.