Egan Jr., J.
Appeal from a decision of the Workers’ Compensation Board, filed November 7, 2011, which ruled that claimant was excused from providing timely written notice of her accident pursuant to Workers’ Compensation Law § 18.
Claimant, a school bus driver, alleged that she sustained a work-related injury in November 2007 and applied for workers’ compensation benefits in March 2008. The self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) controverted the claim and argued, among other things, that claimant had not provided written notice of the accident within 30 days after its occurrence (see Workers’ Compensation Law § 18). The Workers’ Compensation Board ultimately found that claimant had provided adequate oral notice and excused her failure to comply with the statute, prompting the employer’s appeal.
We affirm. While claimant did not give timely written notice of her injury, her failure to do so may be excused “on the ground that notice could not be given, the employer or its agent had knowledge of the accident, or the employer was not prejudiced” (Matter of Dusharm v Green Is. Contr., LLC, 68 AD3d 1402, 1403 [2009]; accord Matter of McCarthy v Verizon Wireless, 83 AD3d 1352, 1353 [2011]; see Workers’ Compensation Law § 18). Claimant testified that she verbally informed the bus dispatcher of the accident shortly after it occurred, and the employer’s employee benefits supervisor confirmed that the dispatcher would be an appropriate individual to whom to report an accident if claimant’s supervisor was unavailable. Claimant also testified that she orally notified her supervisor of the accident—perhaps the following day—and the Board credited her testimony on this point. Inasmuch as “the sufficiency of a claimant’s oral notice is a matter within the exclusive province of the Board,” substantial evidence supports its factual determination that claimant afforded adequate notice of her injuries to the *1243 employer (Matter of Pena v Mize II Corp., 77 AD3d 1225, 1226 [2010]; see Matter of Walker v Greene Cent. School Dist., 6 AD3d 965, 966 [2004]).
The employer’s remaining contentions, to the extent they are not rendered academic by the foregoing, have been considered and found to lack merit. '
Peters, RJ., Rose and Stein, JJ., concur.
Ordered that the decision is affirmed, without costs.