■ In the Matter of the Claim of ROBERT BENNETT, Appellant, v PUTNAM NORTHERN WESTCHESTER BOCES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [1 NYS3d 406]—

Peters, P.J. Appeal from a decision of the Workers' Compensation Board, filed July 15, 2013, which ruled, among other things, that claimant did not give timely notice of injury and denied his claim for workers' compensation benefits.

Claimant worked as a school custodian for the self-insured employer for approximately 15 years. In 2008, he began to experience problems with his elbows and knees, and sought medical treatment. He ended up having surgery on both elbows and both knees. On September 27, 2009, he filed a claim for workers' compensation benefits based upon injuries to his bilateral elbows and left knee attributable to "repetitive use of physical labor going up and down the stairs, lifting heavy boxes, [and] shoveling snow." By reserved decision dated September 10, 2010, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for causally related injuries to claimant's bilateral elbows and left knee.[1]

Thereafter, the employer filed an RFA-2 form seeking a further hearing to establish the date of injury and to resolve the issue of notice under Workers' Compensation Law § 18, since these issues had not been decided by the WCLJ. The case was restored to the hearing calendar for this purpose. By reserved decision dated January 7, 2013, the WCLJ reestablished the claim for causally related injuries to claimant's bilateral elbows and left knee. The WCLJ then issued an amended reserved decision dated January 10, 2013 that essentially adhered to the prior decision, but set forth the date of disablement as January 19, 2009 and also found that claimant sustained an occupational repetitive injury to the right knee. The employer appealed to the Workers' Compensation Board, which reversed the WCLJ and ruled that claimant sustained a "gradually accruing work

---

1. The employer sought review of this decision, but such application was denied as untimely by the Workers' Compensation Board as was the employer's subsequent application for full Board review.

related accidental injury to his elbows bilaterally and knees bilaterally with an accident date of March 13, 2008." The Board ultimately denied the claim due to claimant's failure to comply with the notice requirements of Workers' Compensation Law § 18. Claimant now appeals.

Initially, claimant contends that, under the doctrine of res judicata, the WCLJ's September 10, 2010 reserved decision precludes further consideration of the issue of notice under Workers' Compensation Law § 18.[2] Given that the cited precedent is a prior decision in this case, the applicable doctrine is law of the case. This Court, however, has acknowledged that the law of the case doctrine has "never been held applicable to Work[ers'] Compensation Law decisions at the administrative level," particularly in view of the broad powers conferred upon the Board by Workers' Compensation Law § 123 (*Matter of Spaminato v Bay Transp. Corp.*, 32 AD2d 345, 347 [1969]). In view of this, the WCLJ's September 10, 2010 reserved decision did not foreclose further consideration of this issue by the Board.

Turning to the merits, Workers' Compensation Law § 18 requires a claimant seeking workers' compensation benefits to provide the employer with notice of the claim within 30 days of sustaining a compensable injury (*see Matter of Dixon v Almar Plumbing*, 111 AD3d 1230, 1232 [2013]; *Matter of Dudas v Town of Lancaster*, 90 AD3d 1251, 1252 [2011]). The failure to give timely notice may be excused by the Board where "notice could not be given, the employer or its agent had knowledge of the accident, or the employer was not prejudiced" (*Matter of Dusharm v Green Is. Contr., LLC*, 68 AD3d 1402, 1403 [2009]; *accord Matter of McCarthy v Verizon Wireless*, 83 AD3d 1352, 1353 [2011]). Significantly, "[t]he Board is not required to excuse a claimant's failure to give timely written notice even if one of these grounds is proven; the matter rests within the Board's discretion" (*Matter of Dusharm v Green Is. Contr., LLC*, 68 AD3d at 1403; *see Matter of Dudas v Town of Lancaster*, 90 AD3d at 1252-1253).

Here, claimant's injuries occurred over the course of many years working as a custodian and were not the result of a single

---

2. Technically speaking, the doctrine of res judicata "precludes a party from litigating 'a claim where a judgment on the merits exists from a prior action [or proceeding] between the same parties involving the same subject matter' " (*Matter of Bemis v Town of Crown Point*, 121 AD3d 1448, 1450 [2014], quoting *Matter of Hunter*, 4 NY3d 260, 269 [2005]; *see American Home Assur. Co. v Highrise Constr. Co.*, 111 AD3d 446, 447 [2013]). Inasmuch as a prior action or proceeding is not involved here, this doctrine is inapplicable.

accidental event. Notably, he had surgeries to his right elbow in July 2008, his left elbow in June 2009, his left knee in August 2009 and his right knee in May 2010. He first saw an orthopedist and sought medical treatment for his elbow and knee problems in March 2008. Although he knew his problems were related to the type of work he performed, he did not inform his employer that his injuries were work related while he was undergoing treatment. Indeed, it was not until September 27, 2009, when claimant filed his claim, that the employer was put on notice. In view of the foregoing, substantial evidence supports the Board's finding that the date of disablement was March 13, 2008 and that claimant failed to file his claim within 30 days as required by Workers' Compensation Law § 18. Moreover, given that claimant began receiving medical treatment a year and a half before filing his claim and had his first surgery more than a year before such time, without the employer knowing that his injuries were work related and having an opportunity to investigate, we find no abuse of discretion in the Board's failure to excuse the untimely notice (*see Matter of Dixon v Almar Plumbing*, 111 AD3d at 1232; *Matter of Dudas v Town of Lancaster*, 90 AD3d at 1253). Therefore, we find no reason to disturb the Board's decision.

Stein, Garry, Egan Jr. and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.