Matter of Horvath v Mega Forklift (2019 NY Slip Op 07124)





Matter of Horvath v Mega Forklift


2019 NY Slip Op 07124


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

527430

[*1]In the Matter of the Claim of Thomas M. Horvath, Appellant,
v
Mega Forklift et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 10, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.
Jones Jones LLC, New York City (David S. Secemski of counsel), for Mega Forklift and another, respondents.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed January 26, 2018, which ruled that claimant did not give timely notice of injury and denied his claim for workers' compensation benefits.
According to claimant, who is the employer's owner, he was involved in a work-related motor vehicle accident on March 13, 2015, as a result of which he sustained an injury to his right shoulder. Although claimant sought medical treatment shortly thereafter and underwent surgery on his right shoulder in September 2015, he admittedly did not provide notice to the employer's workers' compensation carrier until he filed a claim for workers' compensation benefits in February 2017 — nearly two years after the underlying accident occurred. The carrier controverted the claim asserting, among other things, that claimant failed to provide timely notice of the injury pursuant to Workers' Compensation Law § 18. Following a hearing, a Workers' Compensation Law Judge found that claimant failed to provide timely notice and disallowed the claim — a finding that subsequently was affirmed by the Workers' Compensation Board. This appeal by claimant ensued.
We affirm. "Workers' Compensation Law § 18 requires that a claimant seeking workers' compensation benefits must provide written notice of an injury within 30 days after the accident causing such injury. The failure to give timely written notice generally precludes a claim unless the Board excuses the failure on the ground that notice could not be given, the employer or its agent had knowledge of the accident or the employer did not suffer any prejudice" (Matter of Taylor v Little Angels Head Start, 164 AD3d 1512, 1512-1513 [2018] [internal quotation marks and citations omitted]; accord Matter of Sheikh v White & Blue Group Corp., 168 AD3d 1196, 1197 [2019]; see Matter of Thousand v Human Resources Admin., Community Dev. Agency, 252 AD2d 664, 664-665 [1998], lv denied 92 NY2d 816 [1998]). Where, as here, the claimant is an officer of the employer, the requisite notice must be given to the employer's workers' compensation carrier (see Matter of Hollenbeck v Hollenbeck & Dailey, 2 AD3d 1068, 1068 [2003]; Matter of Tumminello v Dadswell & Tumminello, 132 AD2d 735, 736-737 [1987], lv denied 70 NY2d 612 [1987]; Matter of Nebenhaus v Lydmark Corp., 79 AD2d 804, 805 [1980]). Significantly, the claimant bears the burden of establishing an excusable ground for failing to give timely notice (see Matter of Ewool v Franklin Hosp. Med. Ctr., 49 AD3d 1019, 1020 [2008], lv denied 10 NY3d 711 [2008]; Matter of Miller v North Shore Univ. Hosp., 13 AD3d 862, 863 [2004]; Matter of Hollenbeck v Hollenbeck & Dailey, 2 AD3d at 1068) and, even where one of the foregoing grounds is established, the Board need not excuse the claimant's failure to provide timely notice; rather, this remains a matter committed to the Board's discretion (see Matter of Sheikh v White & Blue Group Corp., 168 AD3d at 1197; Matter of Taylor v Little Angels Head Start, 164 AD3d at 1513).
There is no dispute that claimant failed to apprise the carrier of his injuries until nearly two years after the accident occurred; hence, claimant did not provide timely notice under Workers' Compensation Law § 18. As to the issue of prejudice, the record reflects that the carrier did not learn of claimant's accident and the resulting injuries until long after claimant underwent a surgical repair of his right shoulder. As the Board aptly observed, this significant delay prevented the carrier from promptly investigating the claim and deprived it of the opportunity to have claimant undergo an independent medical examination prior to surgery. Although claimant argues that he remains available to be deposed and that the carrier has access to all relevant medical records, claimant's argument overlooks the fact that the carrier did not have any opportunity to, among other things, assess the extent of claimant's injuries, the propriety of the treatment rendered and/or the need for surgery prior to the point in time that claimant actually underwent a surgical repair of his right shoulder (see Matter of Miller v North Shore Univ. Hosp., 13 AD3d at 863; compare Matter of McNichols v New York City Dept. of Corr., 140 AD3d 1557, 1558 [2016]). As claimant's postaccident condition changed with the passage of time (cf. Matter of Taylor v Little Angels Head Start, 164 AD3d at 1513; Matter of Rydstrom v Precision Carpentry of Westchester, Inc., 150 AD3d 1602, 1603 [2017], lv denied 30 NY3d 902 [2017]; Matter of Baker v E.J. Constr. Group, Inc., 26 AD3d 652, 653 [2006]), the Board's finding that the carrier was prejudiced by the significant delay in notification is supported by substantial evidence in the record (see Matter of Tumminello v Dadswell & Tumminello, 132 AD2d at 737; compare Matter of Lopadchak v R.W. Express LLC, 133 AD3d 1077, 1077-1078 [2015]). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.